'CUE PUBLISHING COMPANY, Inc.,
Plaintiff,

v.

·COLGATE–PALMOLIVE COMPANY,
Defendant.

United States District Court
S. D. New York.
Sept. 15, 1964.

Nixon, Mudge, Rose, Guthrie & Alexander, New York City, for plaintiff.

Cahill, Gordon, Reindel & Ohl, New York City, for defendant, Thomas C. Mason, H. Richard Schumacher and Alison M. Barden, New York City, of counsel.

METZNER, District Judge.

Plaintiff moves to remand this action to the state court. The suit is by the publisher of Cue Magazine, for a temporary injunction restraining the defendant, Colgate-Palmolive Company, from using the name "Cue" in connection with the proposed national advertisement, distribution and sale of a new stannous-fluoride toothpaste. The action was commenced in the Supreme Court of the State of New York, on September 2, 1964. On the following day the action was removed to this court. The question presented is whether the matter in controversy arises under a federal statute so as to give this court original jurisdiction under 28 U.S.C. § 1331(a) and justify the removal under 28 U.S.C. § 1441(b).

The allegations of the complaint indicate that plaintiff has published Cue Magazine for thirty years, and that two years after it commenced publication "Cue" was registered as a trademark in the Patent Office. The mark was also registered in the State of New York. Cue is a unique, comprehensive guide to entertainment, its name has steadily gained currency, its circulation has steadily increased, and its approval is a sign of quality for theatrical produc-

444

tions, restaurants and resorts. The defendant is about to launch a major promotion and sales campaign for a toothpaste called "Cue", involving many millions of dollars. The result could be an overriding and inescapable association of the word "Cue" with a "decay-preventative dentifrice." The defendant's advertising practices have been criticized by the American Dental Association, the Federal Trade Commission and the courts. The defendant chose the name "Cue" with actual knowledge of the plaintiff's prior registration and extensive use, and if massive promotion ensues the result would be total destruction of the plaintiff's mark. The complaint concludes with an allegation that, if the defendant is permitted to exploit the major advertising media in New York with the vast resources at its command, "Cue", as the mark of a distinctive magazine, will disappear, and that " 'Cue' will come to mean toothpaste, and its existing secondary meaning, and the plaintiff's power to control its reputation, will be irrevocably lost."

Defendant argues that the complaint can be read to assert a claim under the Lanham Act and therefore the motion must be denied. The plaintiff urges that the motion be granted because it is seeking relief solely under section 368–d of the General Business Law of New York, McKinney's Consol.Laws, c. 20. The complaint does not make specific reference to either statute.

The Lanham Act affords relief when the use of one's mark by another "is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. Section 368–d of the General Business Law affords relief when the use of the mark will result in a "Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark * * * notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services."

Under the liberal notice pleading procedure of the federal rules, the complaint alleges a possible violation of the Lanham Act. See S. C. Johnson & Son, Inc. v. Johnson, 175 F.2d 176, 179–180 (2d Cir. 1949). But it also alleges a possible violation of state law. This is not unusual in view of the similarities that exist between the objectives of each statute.

In The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913), the Court said that the plaintiff shall be the master of what law he will rely upon. In determining whether the cause relies on a federal statute within the contemplation of 28 U.S.C. § 1331(a), "the statute * * * must be an element, and an essential one, of the plaintiff's cause of action". Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). The Lanham Act is not essential to plaintiff's state cause of action, nor will a construction of that statute support or defeat plaintiff's claim. The fact that the court may find the existence of a cause of action based on the Lanham Act does not bar granting plaintiff's motion to remand. Fluidless Non-Tact Lenses v. Klear Vision Contact Lens Specialists, 158 F.Supp. 145 (S.D.N.Y.1958).

Defendant places reliance on the fact that the complaint pleads federal registration of the mark and therefore urges that the complaint alleges a violation of the Lanham Act. The mere allegation of federal registration does not confer jurisdiction. The right sought to be enforced determines jurisdiction. Algonquin Gas Transmission Co. v. Gregory, 105 F.Supp. 64 (D.Conn.1952).

While it may be that some of the allegations in the complaint are superfluous for a properly pleaded cause of action under New York law, this court is not prepared to state that a New York court would find them improper if included in a complaint seeking solely state relief, or that plaintiff's motive in including them was to assert a federal claim. Section 368–d uses the term "dilution" and plaintiff's allegations are clearly consistent with that statute.

Motion granted. Settle order.