**Richard A. DEATS, Plaintiff,**

**v.**

**JOSEPH SWANTAK, INC. and Joseph Swantak, Individually, Defendants.**

**No. 85–CV–36.**

United States District Court,
N.D. New York.

June 19, 1985.

Ruthman, Feinberg & Dumas, Albany, N.Y., for plaintiff; Edward R. Feinberg, of counsel.

Heslin, Watts & Rothenberg, Latham, N.Y., for defendants; Robert E. Heslin, Jeffrey Rothenberg, of counsel.

MINER, District Judge.

## MEMORANDUM–DECISION and ORDER

### I

The instant action arises out of various commercial disputes surrounding a mobile hayfeeder patented by plaintiff Richard Deats in 1973 and sold under the federally registered trademark "Roll-A-Bout."[1] Originally commenced in New York State Supreme Court, Schoharie County, the action was removed here by defendants on January 10, 1985 pursuant to 28 U.S.C. §§ 1441(c), 1446.[2] Removal jurisdiction is

---

1. The Roll-A-Bout hayfeeder enjoys U.S. Patent No. 3,777,713, dated December 11, 1973. The description accompanying the patent filings notes that:

> The invention relates generally to mobile animal feeders and, in particular, to an improved portable feeder of light weight construction and low cost.
>
> Farmers have long desired a mobile, lightweight and inexpensive animal feeder and, particularly, an inexpensive cattle feeder which can be turned on its side and easily rolled to that portion of the farm where it is most needed. Previous animal feeders have not proved satisfactory and have not received significant commercial acceptance.

2. 28 U.S.C. § 1441(c) provides:

> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may

asserted by defendants to be found in 28 U.S.C. § 1338(a)[3] and 15 U.S.C. § 1125(a) ("Lanham Act").[4] Suggesting that this lawsuit is not appropriate fodder for the federal courts, plaintiff moves to remand the action, 28 U.S.C. § 1447(c).[5]

## II

The facts underlying this lawsuit, as set forth in plaintiff's complaint,[6] are as follows: In early 1971, plaintiff was employed by RAD[7] Equipment Co., Ltd., ("RAD"). In that capacity, plaintiff invented and manufactured the Roll-A-Bout hayfeeder at issue here. Plaintiff was issued a certificate of registration from the United States Patent Office in February of 1973 for the trademark "Roll-A-Bout." The patent was issued later that year. In early 1971, prior to registration of the trademark, RAD entered into an exclusive sales agreement with defendants. The terms of that agreement called for defendants' purchase of Roll-A-Bout hayfeeders in exchange for an exclusive right to sell them for a ten-year period. After experiencing financial difficulties, RAD was liquidated in May of 1972. Prior to liquidation, however, RAD assigned its right, title and interest in the Roll-A-Bout and the exclusive sales agreement to plaintiff. Plaintiff himself then began to manufacture the hayfeeders under the trade name of "Richard A. Deats." Defendants continued to sell under the terms of the exclusive contract.

In January of 1977, plaintiff offered defendants a license to manufacture his hayfeeders in exchange for the payment of certain royalties. The parties subsequently entered into a royalty agreement calling for payment by defendants to plaintiff of five dollars for each unit sold. The complaint alleges that defendants have never paid any royalties, although they have continued to manufacture the hayfeeder. On November 22, 1982, plaintiff terminated both the exclusive sales agreement and the royalty agreement. Certain provisions of the sales agreement required that, upon termination, defendants were to cease using plaintiff's trademark and trade name and that, for a period of three years, defendants were not to engage in any competitive hayfeeder venture. Notwithstanding these provisions, defendants have con-

---

remand all matters not otherwise within its original jurisdiction.
The procedure to be followed in effecting removal is set forth in 28 U.S.C. § 1446.

**3.** 28 U.S.C. § 1338(a) provides:
(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

**4.** 15 U.S.C. § 1125(a) provides:
(a) Any person who shall affix, apply, or annex, or use in connection with any goods or services, or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description or representation cause or procure the same to be transported or used in commerce or deliver the same to any carrier to be transported or used, shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

**5.** 28 U.S.C. § 1447(c) provides:
(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

**6.** While defendants in their answer have denied substantially the factual assertions contained in the complaint, defendants concede that for purposes of the instant motion, those facts may be assumed to be true.

**7.** It is unclear from the parties' papers whether the proper company name is "RAD Equipment Co., Ltd," or "Rad Equipment Co., Ltd." For purposes of consistency, the Court will assume the complaint's initial usage of "RAD" to be correct.

tinued to distribute hayfeeders under plaintiff's trademark and trade name.

These allegations form the basis for several causes of action. First, plaintiff claims that defendants have breached paragraphs 4(e) [8] and 13 [9] of the exclusive sales agreement. Next, plaintiff claims that defendants have infringed his trademark and trade name. Third, plaintiff alleges that defendants have breached the patent royalty agreement. Fourth, plaintiff contends that defendants have converted his property by failing to return to him, as required by paragraph 4(e) of the exclusive sales agreement,[10] unused equipment, materials, parts, manuals, and other trade-related items. Finally, plaintiff asserts that "[b]y its [sic] actions, the defendants have been unjustly enriched by the reasonable value of all money royalties from the sale of Roll-A-Bout hayfeeders which the defendants have manufactured ... without the consent or license of the plaintiff." Complaint, ¶ 51.

In their petition for removal, defendants set forth the following as bases upon which removal jurisdiction may be founded: (1) Paragraph 8 of the complaint asserts that plaintiff was issued a certificate of registration from the United States Patent Office registering the trademark "Roll-A-Bout"; (2) Paragraphs 25, 29 and 32 of the complaint allege or suggest that defendants are infringing upon plaintiff's trademark and trade name; and (3) Paragraph 34 of the complaint asserts that plaintiff was granted Letters Patent from the United States Patent Office on the Roll-A-Bout, and paragraph 52 alleges that "Plaintiff has been unjustly deprived of the reasonable value of all profits which the plaintiff could have made through the sale of hayfeeders had defendant not infringed on plaintiff's trademark, tradename, [sic] and patent."

### III

According to plaintiff, this action was improvidently removed by defendants and should be remanded to state court because this Court lacks subject matter jurisdiction. The basis for plaintiff's argument is that his complaint presents only state law claims and that, since there is no diversity of citizenship between the parties, the federal courts are without jurisdiction.

Disposition of the instant motion must begin with the statutory language found in 28 U.S.C. § 1441(b), which provides, in relevant part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties...." The central question, of course, is whether plaintiff's claims may be said to arise under the Constitution or laws of the United States so as to confer upon this Court proper removal jurisdiction. A reading of plaintiff's complaint discloses, among the five causes of action, claims of three distinct varieties. There unquestionably are present claims in the nature of breach of contract. As to these indisputably state-law grounded causes of action, this Court would have no original jurisdic-

---

**8.** Paragraph 4(e) provides:

(e) That on termination of this agreement for any reason whatsoever, it [defendants] shall cease to use the name of the Company or of any of its trademarks or trade names immediately, and will not thereafter represent its continuance as a Distributor and that it will, in such event, offer to Company all unused equipment, materials, parts, accessories, advertising and manuals, theretofore purchased by it for purchase of such items as shall be selected by the Company at prices theretofore paid by Distributor prior to offering same for sale to anyone else.

**9.** Paragraph 13 provides:

**13.** Distributor agrees, that upon termination of this agreement, by expiration of its term, or by breach of the Distributor, the Distributor shall not become interested in, engage in, directly or indirectly, the business of selling or manufacturing Round Hay Feeders, like or similar Hay Feeders or devices in the area herein allocated to the Distributor for a period of three (3) years after date of termination or cancellation, subject to a payment of FIFTEEN THOUSAND DOLLARS ($15,-000.00) for violation of same to the Company.

**10.** *See supra* note 8.

tion and therefore could not acquire removal jurisdiction.[11] There remain, however, two other varieties of claims which, depending upon their interpretation and characterization, would come within this Court's original jurisdiction and would therefore also be accommodated by the Court's removal jurisdiction. These are the claims revolving around trademark and patent infringement.

### A. Trademark infringement

■ The federal courts' jurisdiction in matters of trademark is concurrent with that of the state courts. *See* 28 U.S.C. § 1338(a); *see generally* 1 J. Gilson, *Trademark Protection and Practice* § 8.02 (1984). Because plaintiff is master of his own complaint and entitled to decide what law he will rely upon, *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), if he "decides not to invoke a federal right, his claim belongs in a state court." *Pan American Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 663, 81 S.Ct. 1303, 1307, 6 L.Ed.2d 584 (1961); *Alameda Room, Inc. v. Pitta*, 538 F.Supp. 1072, 1075 (S.D.N.Y.1982). Of course, "it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead

necessary federal questions in a complaint." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983); *see Avco Corp. v. Aero Lodge No. 735, International Association of Machinists*, 376 F.2d 337, 339–40 (6th Cir. 1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *see generally* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3722, at 266–76 (1985).

■ In support of the propriety of removal here, defendants urge a number of points. First, defendants point to the fact that plaintiff has pleaded the federal registration of his Roll-A-Bout trademark. Second, defendants note that the substance of the complaint's allegations supports the conclusion that plaintiff is complaining of conduct adversely affecting his interstate business. Finally, defendants rely on the elementary principle that a plaintiff may not defeat federal jurisdiction by disguising a federal claim as a state claim. According to defendants, the combination of these and other factors points to no other conclusion but that plaintiff has pleaded a federal trademark action. This Court disagrees. Although the question is a close one,[12] the

---

11. Of course, 28 U.S.C. § 1441(c) provides that when a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with an otherwise non-removable claim, the entire case may be removed. *See Gonsalves v. Amoco Shipping Co.*, 733 F.2d 1020, 1021 (2d Cir.1984); *see generally* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3724, at 399 (1985). Accordingly, removal of these state claims would be permissible were there found to exist any independent basis for removal.

12. Precisely because this is a close case, the Court is inclined to err on the side of non-removability. It does so for a number of reasons. First, in the words of Judge Weinstein,

> it is difficult to gainsay a plaintiff. He presumably knows better than anyone else what the theory of his complaint was when he drafted it. Where plaintiff strenuously argues that he is not relying on any federal substantive right and no reference to federal provision is made in his complaint, defendant has a substantial burden of persuading the court

that the plaintiff mistakes the gravamen of his complaint.

*Sylgab Steel & Wire Corp. v. Strickland Transportation Co.*, 270 F.Supp. 264, 267 (E.D.N.Y. 1967). Second, and more importantly, the Court necessarily is guided by the precept that the removal statute is to be stricly construed. *Hopkins Erecting Co. v. Briarwood Apartments*, 517 F.Supp. 243, 251–52 (E.D.Ky.1981); *see also La Chemise Lacoste v. The Alligator Company, Inc.*, 506 F.2d 339, 344 (3d Cir.1974), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975). Finally, the Court is constrained to follow the general rule that where the basis for jurisdiction is doubtful, all doubts should be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09, 61 S.Ct. 868, 871–72, 85 L.Ed. 1214 (1941). The aim of this approach, of course, is grounded in a cautious attitude toward questions involving the court's jurisdiction, lest the absence of jurisdiction first be noted on appeal after considerable effort has been expended by the parties. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–19, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951); *see generally* 14A C. Wright, A. Miller & E.

Court is persuaded that, in light of controlling case law and a fair reading of plaintiff's claims, at least with respect to causes of action predicated upon plaintiff's trademark, no federal claims are to be found.

■■■ Whether or not plaintiff has elected to pursue a federal or state claim is to be determined from the face of the complaint. *Gully v. First National Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). To state a trademark infringement claim under either federal or New York law, the plaintiff must "show that the defendant's use of the trade-mark is likely to cause confusion, mistake or to deceive...." *Allied Maintenance Corp. v. Allied Mechanical Trades, Inc.,* 42 N.Y.2d 538, 543, 399 N.Y.S.2d 628, 631, 369 N.E.2d 1162, 1165 (1977); *Sally Gee, Inc. v. Myra Hogan, Inc.,* 699 F.2d 621, 624 (2d Cir.1983). Paragraph 31 of plaintiff's complaint reads, in pertinent part: "By use of plaintiff's trademark ... defendants are misleading the public into believing that their product is manufactured by plaintiff...." That language certainly would satisfy the pleading requirements of either a state or federal claim. However, in order to make out a federal trademark infringement claim, plaintiff must also allege that the registered mark is or was being used "in commerce." 1 J. Gilson, *Trademark Protection and Practice* § 8.03[1][a], at 8–11 to 8–12 (1984); *Youngs Rubber Corp. v. C.I. Lee & Co.,* 45 F.2d 103, 106 (2d Cir.1930) (Trade-Mark Act of 1905) (Swan, J.). *But see Ronson Art Metal Works, Inc. v. Gibson Lighter Mfg. Co.,* 108 F.Supp. 755, 756 (S.D.N.Y.1952) (dictum). Any reference to use in commerce is entirely absent from plaintiff's complaint here. Defendants suggest that while the complaint does fail specifically to plead use in commerce, such use is easily to be implied from the face of the complaint. For example, defendants maintain that because some of plaintiff's contracts covered

territory throughout the United States and Canada, one may assume the mark has been used in commerce. While such an assumption may well be a reasonable one, the simple fact remains that plaintiff has not *pleaded* such use.[13] Were the Court to read into this complaint facts not pleaded and demand that plaintiff be held to those facts, the venerated rule declaring the plaintiff to be master of the complaint would cease to have any meaning.

The Court also rejects defendants' claim that mere incorporation by plaintiff of his trademark registration into the complaint creates a federal claim. *See Cue Publishing Co. v. Colgate-Palmolive Co.,* 233 F.Supp. 443, 444 (S.D.N.Y.1964) ("The mere allegation of a federal registration does not confer jurisdiction. The right sought to be enforced determines jurisdiction."). Defendants' reliance on *Armstrong Paint & Varnish Works v. Nu-Enamel Corp.,* 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195 (1938) is misplaced. Counsel's quotation from that decision—"unless plainly unsubstantial, the allegation of registration under the act is sufficient to give jurisdiction of the merits"—omits the immediately preceding statement that "when a suit is begun for infringement, *bottomed upon* registration under the 1920 act, the district courts of the United States have jurisdiction." 305 U.S. at 321 (emphasis added). Registration under the Lanham Act and the mere pleading thereof, does not, without more, relegate a plaintiff solely to relief under federal law.

The conclusion that plaintiff's trademark action here provided no basis for removal is amply supported by relevant precedent. Indeed, one commentator has noted:

If the plaintiff chooses to rely solely on state law in his complaint and chooses to file it in a state court, the chances are overwhelming that his choices will be honored. Most lower federal courts have remanded to the state courts in this situa-

Cooper, *Federal Practice and Procedure* § 3739, at 584–85 (1985).

**13.** No doubt, were defendants confronted with this identical complaint in an original federal

action, the Court would be subjected to a motion to dismiss for failure to plead an essential element of a Lanham Act claim.

ation, and have refused to find federal question jurisdiction by implication.

1 J. Gilson, *Trademark Protection and Practice* § 8.03[6], at 8–40.2 (1984) (footnote omitted) (collecting cases). This majority position is set out clearly in the frequently cited case of *La Chemise Lacoste v. The Alligator Company, Inc.*, 506 F.2d 339 (3d Cir.1974), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975), where the court took a strict view of the removal statute and held that because federal question jurisdiction did not plainly appear on the face of the complaint, removal was improper. An early Second Circuit case, *Beech-Nut, Inc. v. Warner-Lambert Co.*, 480 F.2d 801 (2d Cir.1973), appeared by some readings to suggest disagreement with, or at least divergence from, the majority view later espoused by the Third Circuit in *Lacoste.* The *Beech-Nut* court seemed to hold that a defendant could remove an action to federal court if the action *could have been* brought there initially under the Lanham Act.[14] The thrust of defendants' argument here seems to depend upon the conclusion reached in *Beech-Nut*, viz., that because plaintiff could have pleaded a federal claim, removal was proper.

While the matter is not entirely free from doubt, this Court believes that the better view requires rejection of the *Beech-Nut* holding. *See Connecticut v. Levi Strauss & Co.*, 471 F.Supp. 363, 366–67 (D.Conn.1979) (Newman, J.) ("Neither [*Beech-Nut* nor *Ulichny v. General Electric Co.*, 309 F.Supp. 437 (N.D.N.Y.1970)] establishes a sufficient basis for ignoring the settled rule that the pleader may elect to pursue only a state law claim"); *see also Billy Jack For Her, Inc. v. New York Coat, Suit, Dress, Rainwear and Allied*

*Workers' Union*, 511 F.Supp. 1180, 1184 (S.D.N.Y.1981). In *La Chemise Lacoste v. The Alligator Company, Inc.*, 506 F.2d 339, the Third Circuit noted:

Ample experience indicates that, where a state trademark or infringement action is sought to be removed to federal court on the theory that the action could have been predicated on the Lanham Act, federal courts have been unwilling to find a federal question by implication and have remanded to state courts. *Fischer v. Holiday Inn of Rhinelander, Inc.*, 375 F.Supp. 1351, 1354 (W.D.Wis.1973); *Cue Publ. Co. v. Colgate-Palmolive Co.*, 233 F.Supp. 443 (S.D.N.Y.1964); *Fluidless Non-Tact Lenses, Inc. v. Klear Vision Contact Lens Specialists, Inc.*, 158 F.Supp. 145, 146 (S.D.N.Y.1958); *M & D Simon Co. v. R.H. Macy & Co.*, 152 F.Supp. 212, 216 (S.D.N.Y.1957).

506 F.2d at 346 n. 9. Even in the Second Circuit, it is no longer clear just how significant a precedent *Beech-Nut* remains. Two subsequent decisions, while not overruling *Beech-Nut*, do seem to explain and delimit its holding rather carefully. In *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651 (2d Cir.1979), the court noted that "*Beech-Nut* cannot be read to permit federal removal jurisdiction over all state actions to enforce or protect a trademark." 612 F.2d at 657. The court went on to explain that in *Beech-Nut*, plaintiff had actually stated a claim under the Lanham Act and that the court, in upholding removal jurisdiction, "evidently concluded that the complaint claimed a right created by federal law as 'an element, and an essential one,' of its cause of action." 612 F.2d at 657–58 (quoting *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)). By no means, the court cau-

---

**14.** That holding has been severely criticized:

The holding, reached without extended analysis or citation of authority, is directly inconsistent with the principles allowing a plaintiff to rely on state law if he chooses and establishing that an action arises under federal law for purposes of jurisdiction only if the right created by a federal statute is an essential element of the plaintiff's cause of action. *Beech-Nut* was expressly rejected as authority by one district court, and it was accorded the ultimate rebuff by the Third Circuit Court of Appeals, which, in the *Alligator* decision, did not mention it at all. On balance, *Beech-Nut*, an apparent aberration in removal law, can be expected to have limited impact on removal in trademark cases.

1 J. Gilson, *Trademark Protection and Practice* § 8.03[6], at 8–40.3 (1984) (footnotes omitted).

tioned, did the *Beech-Nut* court "purport to permit removal jurisdiction over actions predicated solely on state law, simply because a trademark was implicated." 612 F.2d at 658. Perhaps most significant is the court's footnote: "In similar circumstances, other courts have found federal question jurisdiction only if the complaint specifically asserted, or claimed protection under, federal trademark law." *Id.* n. 13 (citing *Application of State of New York*, 362 F.Supp. 922, 927–28 (S.D.N.Y.1973); *Cue Publishing Co. v. Colgate-Palmolive Co.*, 233 F.Supp. 443 (S.D.N.Y.1964) ).

■ More recently, in *Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960 (2d Cir.1981), the court also was faced with a trademark infringement claim which was not explicitly pleaded as one arising under federal law.[15] After reiterating the general rule that the plaintiff is master of his pleading, the court cited with approval the *La Chemise Lacoste v. The Alligator Company, Inc.* case, recognizing that "it frequently has been held that a plaintiff alleging facts that would support a claim founded upon either federal or state law is free to confine his claim to one based on state law and proceed in state court." 644 F.2d at 964. The court went on to reaffirm its understanding of *Beech-Nut* as set forth in *Mushroom Makers*, explaining that *Beech-Nut* did not permit removal of state law claims of trademark infringement. Rather, removal could be had only upon a complaint which in fact pleaded federal claims. 644 F.2d at 964 n. 2. The rationale for this reasoning is clear: if the mere pleading of

a claim that may be characterized as either federal or state is sufficient to allow federal removal jurisdiction, the pleading of any cause of action for which the elements of both a federal or state claim are identical would always be subject to removal, notwithstanding a plaintiff's desire and intent to plead only a state claim. Such an outcome would run contrary to the well-established principle that "the party who brings a suit is master to decide what law he will rely upon." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). Because plaintiff clearly pleaded state trademark claims here, this Court concludes that those claims provided no justifiable basis for removal of this action by defendants.[16] In short, "[t]he fact that the court may find the existence of a cause of action based on the Lanham Act does not bar granting plaintiff's motion to remand." *Cue Publishing Co. v. Colgate-Palmolive Co.*, 233 F.Supp. 443, 444 (S.D.N.Y.1964).

Having concluded that plaintiff's trademark allegations do not provide a proper basis for removal, it is necessary to consider whether the patent claims are sufficient to confer such jurisdiction.[17]

### B. *Patent claims*

According to defendants, plaintiff has pleaded patent infringement, a claim over which the federal courts have exclusive jurisdiction.[18] *See* 28 U.S.C. § 1338(a).

---

**15.** Ultimately, the court found jurisdiction to exist by implication from plaintiff's failure to seek remand at an early stage of the lawsuit. 644 F.2d at 964.

**16.** It is true, as defendants contend, that a plaintiff may not defeat removal by disguising a federal claim as a state cause of action. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). That argument, however, simply is inapposite in cases where federal law is not essential to the suit. *See Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 408 n. 3, 101 S.Ct. 2424, 2433 n. 3, 69 L.Ed.2d 103 (1981) (Brennan, J., dissenting) ("it is often said that a plaintiff may not 'fraudulent-

ly' defeat removal by manipulation of the complaint.... Where, however, both state and federal laws would support a claim, it makes little sense to suggest that the plaintiff acts 'fraudulently' if he chooses to proceed under state law in state court rather than under federal law in federal court").

**17.** Even though the trademark claims are non-removable, 28 U.S.C. § 1441(c) specifically authorizes removal of the entire case where removable and non-removable claims are joined together.

**18.** The ironic consequences of this claim will become apparent below.

Plaintiff's position, on the other hand, is that while his complaint is related to his patent, it is in reality a contract action for breach of the patent royalty agreement. Again, characterization of the complaint's allegations proves important.

 The involvement of a patent question in a suit does not alone confer jurisdiction in the federal courts. In *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 259–60, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916), the Supreme Court held that the fact that a federal issue would unquestionably need to be decided in the defense of a state claim did not suffice to give the district court jurisdiction. For example, "[a] suit seeking to recover for infringement of a patent arises under the patent laws and is actionable under § 1338. On the other hand, a suit designed to enforce an undertaking to pay royalties for the use of a patent arises under state law and is not within the scope of § 1338." *Lansing Research Corp. v. Sybron Corp.*, 514 F.Supp. 543, 544 (N.D.N.Y.1981); *Diematic Manufacturing Corp. v. Packaging Industries, Inc.*, 381 F.Supp. 1057, 1060 (S.D.N.Y.1974), *appeal dismissed*, 516 F.2d 975 (2d Cir.), *cert. denied*, 423 U.S. 913, 96 S.Ct. 217, 46 L.Ed.2d 141 (1975). A long line of Supreme Court cases has established that claims involving breaches of patent contracts do not arise under the patent laws. *E.g., Luckett v. Delpark, Inc.*, 270 U.S. 496, 502, 46 S.Ct. 397, 399, 70 L.Ed. 703 (1926); *Briggs v. United Shoe Machinery Co.*, 239 U.S. 48, 49, 36 S.Ct. 6, 7, 60 L.Ed. 138 (1915); *Excelsior Wooden Pipe Co. v. Pacific Bridge Co.*, 185 U.S. 282, 285, 22 S.Ct. 681, 682, 46 L.Ed. 910 (1902). However, where a plaintiff has canceled his contract, or abandoned his contract claim, the suit becomes one for infringement, an exclusively federal claim. *Henry v. A.B. Dick Co.*, 224 U.S. 1, 14, 32 S.Ct. 364, 366, 56 L.Ed. 645 (1912) ("That the patentee may waive the tort and sue upon the broken contract, or in assumpsit, is elementary. But if the patentee elect to waive the tort, and sue upon the covenants, or for a breach of contract, the suit would not be one dependent upon or arising out of

the patent law, and a Federal court would have no jurisdiction...."); *see also Milprint, Inc. v. Curwood, Inc.*, 562 F.2d 418, 420 (7th Cir.1977); *Arvin Industries, Inc. v. Berns Air King Corp.*, 510 F.2d 1070, 1073 (7th Cir.1975). Here, there is no question that plaintiff has alleged claims based upon a breach of the patent royalty agreement. The complaint alleges more, however. It specifically seeks redress for what can only be described as infringement for the period subsequent to plaintiff's termination of the royalty agreement. Stripped of that agreement, plaintiff is left with federal claims alone. Plaintiff seeks to avoid this result by arguing that his claim is one for unjust enrichment under state law and not for patent infringement. That argument, however, is unavailing.

In *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), the Supreme Court observed that "[e]ven though state law creates [the] causes of action, [the] case might still arise under the laws of the United States if a well-pleaded complaint established that [the] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." 463 U.S. at 13, 103 S.Ct. at 2848. Here, the right to relief encompassed within plaintiff's cause of action for unjust enrichment "requires resolution of a substantial question of federal law." Unjust enrichment "is used in law to characterize the result or effect of a failure to make restitution of or for property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor." 50 N.Y.Jur. *Restitution and Implied Contracts* § 3, at 151 (1966). Crucial to plaintiff's claim that the enrichment here was unjust would be the need to prove the patent infringement of which he complains. That is to say, plaintiff claims the enrichment is unjust precisely because of his ownership of the patents and defendants' use thereof without payment. Since the unjust enrichment question would have to be answered in the context of a federal

patent law claim, that is, since "the vindication of a right under state law necessarily turns on some construction of federal law," *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. at 9, 103 S.Ct. at 2846, this claim must be viewed as arising under federal law. Accordingly, defendants were entitled to rely on this patent law claim in effecting removal pursuant to 28 U.S.C. § 1441(c).

▮▮▮▮ Ordinarily, having concluded that there was a proper basis for removal, the Court's task simply would be to deny the plaintiff's motion for remand. The case at bar, however, presents a complicating factor which both parties have neglected to discuss. It is an elementary principle of removal jurisprudence that the federal courts' jurisdiction is derivative only. If the state court from which an action was removed did not enjoy subject matter jurisdiction, removal is inappropriate, even if the action could have been brought originally in the federal court. Thus, a case once removed over which the federal court has exclusive jurisdiction must be dismissed because the state court did not have subject matter jurisdiction. *Freeman v. Bee Machine Co.,* 319 U.S. 448, 449, 63 S.Ct. 1146, 1147, 87 L.Ed. 1509 (1943); *Lambert Run Coal Co. v. Baltimore & Ohio R.R.,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); *Pueblo International, Inc. v. De Cardona,* 725 F.2d 823, 827 (1st Cir.1984). There is no question that jurisdiction over patent actions is exclusive in the federal courts—28 U.S.C. § 1338(a) expressly provides as much. Accordingly, the state court had no jurisdiction to entertain plaintiff's patent infringement claim and this Court acquired none on

removal. That claim, therefore, must be dismissed.[19] What remains then are the trademark claims, which this Court has already rejected as providing a proper basis for removal, and the breach of contract and conversion claims. Removal of those claims alone would be inappropriate and they must therefore be remanded.[20]

## IV

The result reached herein will no doubt come as a surprise to the parties: Defendants have succeeded in having dismissed the patent infringement claim even though no such relief was sought.[21] Of course, defendants will be required to defend the balance of this lawsuit in state court, though that should be less objectionable now that the federal claims have been eliminated. Plaintiffs have prevailed on their motion to remand but at the expense of their federal patent claims, which are now dismissed.

For the foregoing reasons, plaintiff's federal patent infringement claims are dismissed. Plaintiff's motion to remand is granted with respect to the remaining claims, and the action is remanded to New York Supreme Court, Schoharie County. The Court declines to award costs.

It is so Ordered.

---

19. Of course, the state court did possess jurisdiction over the claims for breach of the royalty agreements and those claims will not be dismissed.

20. Had the complaint presented other federal claims, in which federal jurisdiction was not exclusive, instead of these non-removable state claims, those claims could have remained here notwithstanding dismissal of the patent claims. *See, e.g., Pueblo International, Inc. v. De Cardona,* 725 F.2d 823, 827 (1st Cir.1984) (affirming dismissal of Sherman Act claims but permitting

other non-exclusive federal claims to remain); cf. *Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654, 659 (9th Cir.1972) (recognizing that Sherman Act claims should be dismissed but remanding for disposition together with state claims which were "inseparably intertwined").

21. A sua sponte dismissal for lack of jurisdiction is entirely appropriate. *See* Fed.R.Civ.P. 12(h)(3); *Bancohio Corp. v. Fox,* 516 F.2d 29, 31 (6th Cir.1975).