**F.W. MYERS & CO., INC., Plaintiff,**

v.

**WORLD PROJECTS INTERNATIONAL, INC., Defendant.**

No. 95–CV–981.

United States District Court,
N.D. New York.

Nov. 8, 1995.

---

Stafford, Trombley, Purcell, Lahtinen, Owens & Curtin, P.C., Plattsburgh, NY (of counsel, William L. Owens), for plaintiff.

O'Connell & Aronowitz, Plattsburgh, NY (William Favreau, of counsel), Gravel & Shea, Burlington, VT (Karin J. Immergut, of counsel), for defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

This action was commenced by the plaintiff, F.W. MYERS & CO., INC., on June 13, 1995, in the Supreme Court of the state of New York, Clinton County. A supplemental summons and amended complaint were filed on June 20, 1995. Both were duly served on the defendant, WORLD PROJECTS INTERNATIONAL, INC. On July 19, 1995, the defendant filed removal papers with this court. On August 11, 1995, the plaintiff filed a motion to remand.

This dispute arises over an Agreement whereby a subsidiary relationship between the plaintiff and the defendant was ended by the sale of plaintiff's stock in the defendant corporation to certain individuals. Both corporations are in the business of "freight forwarding services," and are competitors. The Agreement provided that, after the closing date of December 27, 1993, the defendant would change its name to avoid confusion with the plaintiff, would be prohibited from using the plaintiff's logo and logo-imprinted materials, and would assign to the plaintiff certain receivables and other matters relating to a named transaction. The plaintiff now claims that the defendant has breached this agreement by, *inter alia,* infringing upon the plaintiff's trade name.

The defendant argues that the plaintiff has, in fact, set forth a federal claim by including in the amended complaint the language "in violation of the terms of the Agreement and applicable federal statutes and regulations." The defendant also argues that the plaintiff has set forth a claim pursuant to the Lanham Act, although such claim is not expressly referenced in the amended complaint. The court notes that the defendant concedes that the first cause of action is the only claim in the amended complaint that allegedly raises a federal question. Accordingly, the court will examine that cause of action.

The plaintiff alleges that there is no federal question alleged in the amended complaint upon which this court may find jurisdiction,

and accordingly, it must remand.[1] More specifically, the plaintiff has brought this action seeking redress for alleged improper use of the plaintiff's trade name, tortious interference with the plaintiff's business, and breach of contract. Plaintiff claims that it is not seeking redress under the Lanham Act or any other federal law, but rather has confined the claims and remedies sought to those available under New York law.

## II. DISCUSSION

### A. Removal

Pursuant to 28 U.S.C. § 1441(b), "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties ..." Thus, the pivotal question before the court is whether any of the claims set forth in the amended complaint arise under the laws of the United States.

■ It is long settled that a plaintiff is the master of his complaint, and may decide on which law he will rely. *See Deats v. Joseph Swantak, Inc.,* 619 F.Supp. 973, 977 (N.D.N.Y.1985) (*citing, The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913)). "whether or not a plaintiff has elected to pursue a federal or state claim is to be determined from the face of the complaint." *Deats,* 619 F.Supp. at 978 (citation omitted). Furthermore, the claim alleged to be federal "need not be labelled as such to fall within federal jurisdiction." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). However, courts are resistant to finding a federal claim by implication. *Deats,* 619 F.Supp. at 979 (citation omitted).

The defendant argues that the plaintiff has set forth federal claims in its first cause of action in the amended complaint. Specifical-

ly, the defendant alleges that paragraphs 11 and 16 of the amended complaint set forth a claim for a violation of the federal Maritime Commission license statute[2] by mentioning the license, alleging that the defendant wrongly collected commissions pursuant to that license, and stating that such actions were "... a violation of the ... applicable federal statutes and regulations." The defendant also argues that the plaintiff has set forth a viable claim for a violation of the Lanham Act, the federal trademark infringement statute. The court will examine both arguments seriatim.

### B. Claim Pursuant To 46 U.S.C. § 1701 *et seq.*

■ Although not argued by the plaintiff, the court finds that the defendant's argument that the amended complaint, at paragraphs 11 and 16, makes out a viable claim under the applicable statutes and regulations relating to federal maritime licenses in untenable.

As stated in the amended complaint, the license at issue is governed by 46 C.F.R. § 510.2. That regulation, however, does not confer on the plaintiff a private cause of action for violations of that regulation. Any action relating to an alleged violation of the regulation cited in the amended complaint is governed by 46 U.S.C. § 1710.[3] Under 46 U.S.C. § 1710, "[a]ny person may file with the [Federal Maritime] Commission a sworn complaint alleging a violation of this Act ..." 46 U.S.C. § 1710(a). It is the Commission that investigates alleged violations of the Act, 46 U.S.C. § 1710(c) & (d), makes written reports, 46 U.S.C. § 1710(f), directs "payment of reparations," 46 U.S.C. § 1710(g), and seeks injunctive relief in a federal district court. 46 U.S.C. § 1710(h)(1). The complainant, the plaintiff herein, may only seek injunctive relief in a federal district court *after* complying with 46 U.S.C. § 1710(a). *See* 46 U.S.C. § 1710(h)(2). Until complying with the relevant statute, the

---

1. The parties do not claim diversity as a basis of the court's jurisdiction in this case.

2. 46 U.S.C. § 1701 *et seq.*

3. It seems to the court that the clear intent of the plaintiff by mentioning the violations of the Maritime license is to support an allegation that the defendant has breached the Agreement, not to make out a claim under 46 U.S.C. § 1710. Nevertheless, the court will examine the defendant's contention.

plaintiff cannot pursue a remedy in this court. Nowhere in the amended complaint is it alleged that the plaintiff has complied with the statutory prerequisites for bringing a cause of action in this court. Accordingly, the amended complaint does not set forth a federal claim, and therefore, the court determines that, as to this point, the defendant has not set forth a proper basis for removal.

### C. Claim Pursuant To The Lanham Act

■ The court first reiterates that "where a state trademark or infringement action is sought to be removed to federal court on the theory that the action could have been predicated on the Lanham Act, federal courts have been unwilling to find a federal question by implication and have remanded to state courts. (citations omitted)." *Deats,* 619 F.Supp. at 979 (*quoting, La Chemise Lacoste v. The Alligator Company, Inc.,* 506 F.2d 339, 346 n. 9 (3d Cir.1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975)). Looking to the amended complaint, the court finds that the *only* mention of federal law in any respect is in paragraphs 11 and 16. It is clear to the court from those two paragraphs that the mention of federal law is directed toward the alleged violations of the Federal Maritime license, tending to show a violation of the Agreement, in each instance.[4] On the face of the amended complaint, the plaintiff at no other place refers to any violation of federal law expressly. Thus, if defendant's argument that plaintiff has alleged a Lanham Act (federal trademark) claim is to carry the day, it will be necessary for the court to infer such a fact. However,

the court is unwilling to make such an inference.

In the amended complaint, the plaintiff has alleged facts that may well state a valid claim under New York trademark law and federal trademark law. *See Sally Gee, Inc. v. Myra Hogan, Inc.,* 699 F.2d 621 (2d Cir.1983). Even assuming that the plaintiff has sufficiently pleaded a claim under federal and state law, since to set forth a claim under either requires virtually the same elements, "it frequently has been held that a plaintiff alleging facts that would support a claim upon either federal or state law is free to confine his claim to one based on state law and proceed in state court." *Vitarroz Corp. v. Borden, Inc.,* 644 F.2d 960, 964 (2d Cir. 1981) ("trademark infringement claim not *explicitly* pleaded as one arising under federal law") (citations omitted). The court finds that in this case, based upon a clear reading of the amended complaint, there is no claim pleaded that arises under the laws of the United States. Accordingly, the court grants the plaintiff's motion to remand.

### III. CONCLUSION

Based on the foregoing, the Court GRANTS the plaintiff's motion to remand the instant case back to the Supreme Court for the State of New York, County of Clinton.

**IT IS SO ORDERED.**

■

---

4. Amended complaint ¶ 11:

    11. That plaintiff is duly licensed by the United States Maritime Commission under FMC license No. 710 (formerly the Myers Group (U.S.), Inc. FMC license No. 3422) to provide freight forwarding services which are described in the Commission's regulations at 46 C.F.R. § 510.2 to include: ordering cargo to port; booking cargo space; preparing export declarations and clearing export shipments, delivering order/dock receipts, bills of lading, consular documents, advancing notification of shipment; arranging warehouse storage and cargo insurance; handling/remitting freight monies; giving advice on letters of credit, export licenses, inspections, and transport problems.

Amended complaint ¶ 16:

    16. Upon information and belief, defendant World Products prepared billing invoices and bills of lading in its business offices utilizing plaintiff's trade name and logo prominently displayed on such documents to collect commissions on freight forwarding services said to be collected under the Federal Maritime Commission license of plaintiff's constituent corporation, The Myers Group (U.S.) Inc., with such activities occurring after December 27, 1993 and through March 1994 as complained of herein, and with defendant directing remittance of commissions to itself at its Texas address which plaintiff claims is a violation of the terms of the Agreement and applicable federal statutes and regulations.