Judith B. ALDRIDGE d/b/a Atlantis Underground, Plaintiff,

v.

THE GAP, INC., and Pam Squires, Defendants.

No. 4:94–CV–447–A.

United States District Court, N.D. Texas, Fort Worth Division.

Sept. 15, 1994.

Order Dismissing Action Oct. 12, 1994.

Bryan Witherspoon Aldridge, Law Office of Bryan W. Aldridge, Southlake, TX, for plaintiff.

Renata Hesse, Brobeck Phleger & Harrison, San Francisco, CA, Kay Lyn Schwartz, Michael A. O'Neil, Gardere & Wynne, Dallas, TX, Susan Hollander, Christopher Roberts, Brobeck Phleger & Harrison, San Francisco, CA, Christopher D. Roberts, Brobeck Phleger & Harrison, Los Angeles, CA, Julie Henderson Kanberg, The Gap Inc., San Bruno, CA, for The Gap, Inc.

## MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

Came on for consideration the motion of plaintiff, Judith B. Aldridge d/b/a Atlantis Underground, to remand and the motion of defendant Pam Squires ("Squires") to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The

court, having considered the motions, the responses, the record, and applicable authorities, finds that plaintiff's motion to remand should be denied and that Squires' motion to dismiss should be granted.

 Plaintiff maintains that her original petition, filed in the 17th District Court of Tarrant County, Texas, alleges only a state law cause of action for misappropriation. The elements of misappropriation are: (i) the creation of plaintiff's product through extensive time, labor, skill, and money, (ii) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (*i.e.*, a "free ride") because defendant is burdened with little or none of the expense incurred by the plaintiff, and (iii) commercial damage to the plaintiff. *United States Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (Tex.App.—Waco 1993, writ denied). Plaintiff maintains that this court does not have diversity or federal question jurisdiction of this action.

In response to the motion to remand, defendants, Squires and The Gap, Inc. ("The Gap"), maintain that Squires was fraudulently joined to defeat diversity jurisdiction. They alternatively allege that plaintiff's misappropriation claim is preempted by federal copyright law.

As stated in plaintiff's original petition, plaintiff and Squires are residents of the State of Texas. The Gap is a Delaware corporation. Plaintiff does not dispute that The Gap's principal place of business is in California. Defendants maintain that Squires' citizenship cannot be used as a basis to defeat diversity jurisdiction, because there is no possibility that plaintiff would be able to establish a cause of action against Squires in the state court. *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981). In response, plaintiff once again relies on *United States Sporting Prods., Inc.*, which provides:

> As a general rule, a corporate agent may not be held personally liable in a suit against the corporation. However, if that agent knowingly participated in the tort, he becomes liable as a joint tort-feasor....
>
> "It is not necessary that the corporate 'veil' be pierced or even discussed. An officer or any other agent of a corporation may be personally responsible as the corporation itself for tortious acts when participating in the wrongdoing."

865 S.W.2d at 221 (citations omitted). As noted in Squires' motion to dismiss, and as set forth above, the elements of misappropriation are (i) the creation of plaintiff's product through extensive time, labor, skill, and money, (ii) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (*i.e.*, a "free ride") because defendant is burdened with little or none of the expense incurred by the plaintiff, and (iii) commercial damage to the plaintiff. *Id.* at 218. In plaintiff's original petition, the sole allegation against defendant Squires is that "Squires has failed or refused" to remove from The Gap's store in Hulen Mall in Fort Worth, Texas, certain alleged unauthorized copies of plaintiff's goods. Plaintiff's Original Petition ¶ VII. Even if true, the alleged activity of Squires does not constitute an element of the tort of misappropriation. Rather, the acts of misappropriation are alleged to have been perpetrated by The Gap only. Plaintiff has not alleged a cause of action against Squires upon which relief could be granted.

 Defendants alternatively assert that plaintiff's claims are preempted by federal copyright law. Plaintiff has not responded to this argument.[1]

 The district court has original and exclusive jurisdiction of any civil action arising under any Act of Congress relating to copyrights. 28 U.S.C. § 1338(a). Congress has granted to the creators of original works of authorship fixed in any tangible medium of expression certain exclusive rights. 17 U.S.C. § 102(a). Among the exclusive rights are rights to reproduce and distribute, or authorize the reproduction and distribution of, such works. 17 U.S.C. § 106. State laws

---

**1.** Pursuant to Rule 5.1(f) of the Local Rules of the United States District Court for the Northern District of Texas, plaintiff had fifteen days from the date of defendants' response to her motion to remand in which to file a reply brief, but failed to do so.

**314**

that cover works that fall within the subject matter of copyright and that protect rights equivalent to the exclusive rights within the scope of federal copyright law are preempted. 17 U.S.C. § 301; *Schuchart & Assocs., Professional Engineers, Inc. v. Solo Serve Corp.*, 540 F.Supp. 928, 942 (W.D.Tex.1982). *See also Universal City Studios, Inc. v. T–Shirt Gallery, Ltd.*, 634 F.Supp. 1468, 1475 (S.D.N.Y.1986) (state right is equivalent to copyright if state right is infringed by mere acts of reproduction, performance, distribution or display). The preemptive force of § 301 transforms a state law complaint asserting preempted claims into a complaint stating a federal claim, *i.e.*, there is complete preemption by § 301, making removal of such claims to federal court proper. *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232–33 (4th Cir.1993).

Here, plaintiff's creations—children's wear—fall within the subject matter of copyright law as defined by 17 U.S.C. § 102. The conduct plaintiff seeks to regulate is addressed by 17 U.S.C. § 106. Accordingly, plaintiff's state law misappropriation claim is preempted by 17 U.S.C. § 301 and removal was appropriate.

The remainder of defendants' response to the motion to remand contains a discussion of cases supporting the proposition that plaintiff's claim, even as recharacterized as a federal claim, is completely preempted. The court interprets this portion of the response (beginning at page 11, section 2, titled "Congress has Consistently Determined that Dresses are Within the General Scope of Copyright Protection and May Not be Regulated by the States") to be a motion to dismiss. Because the title of the response did not give plaintiff notice of the motion to dismiss, the court finds that plaintiff should be given an opportunity to respond.

For the reasons discussed herein,

The court ORDERS that:

(1) Plaintiff's motion to remand be, and is hereby, denied;

(2) Squires' motion to dismiss be, and is hereby, granted;

(3) Plaintiff file, by 4:30 p.m. on September 30, 1994, her response to defendants' motion to dismiss; and

(4) By 4:30 p.m. on September 30, 1994, The Gap file, under appropriate cover sheet, the state court docket sheet pertaining to this action.[2]

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Squires.

## ORDER DISMISSING ACTION

By memorandum opinion and order signed September 15, 1994, the court denied the motion of plaintiff, Judith B. Aldridge d/b/a Atlantis Underground, to remand, granted the motion of defendant Pam Squires to dismiss, and determined that part of the response of defendants, The Gap, Inc., and Pam Squires, to the motion to remand should be interpreted as a motion to dismiss. Therefore, the court ordered that plaintiff file, by 4:30 p.m. on September 30, 1994, her response to such motion to dismiss. The court has received and reviewed plaintiff's response, and having considered the record and applicable authorities, finds that the motion to dismiss should be granted.

As discussed in the September 15, 1994, memorandum opinion and order, the court has determined that plaintiff's state law misappropriation claim is preempted by 17 U.S.C. § 301 and that removal was appropriate. Since removal was proper, the question is whether plaintiff has any federal cause of action based on the facts alleged in her original petition. The answer is that she does not. As numerous cases have recognized,

---

**2.** After having reviewed the items filed by defendants on July 13, 1994, with a cover sheet titled "Index", in response to the requirements of Revised Miscellaneous Fort Worth Order 4–217 (Miscellaneous No. 4–217), the court has noted that there has not been full compliance with Miscellaneous No. 4–217. The item that is referred to in the index as "Docket Sheet (state court action)" appears to be but a listing of items that were filed with the state court, up to a point in time, together with financial information related to the action. Such item appears to be what more commonly is referred to as a cost record of the action. There is no docket sheet included in the items filed.

although they fall within the subject matter of copyright regulation, clothes, as useful articles, are not copyrightable. *Whimsicality, Inc. v. Rubie's Costume Co.,* 891 F.2d 452, 455 (2nd Cir.1989); *Fashion Originators Guild of America, Inc. v. FTC,* 114 F.2d 80, 84 (2nd Cir.1940), *aff'd,* 312 U.S. 457, 61 S.Ct. 703, 85 L.Ed. 949 (1941); *Jack Adelman, Inc. v. Sonners & Gordon, Inc.,* 112 F.Supp. 187, 189 (S.D.N.Y.1934). Although numerous efforts have been made to induce Congress to afford protection to clothing designs, such protection has not been forthcoming and new designs are open to all. *Fashion Originators Guild,* 114 F.2d at 80; *Nat Lewis Purses, Inc. v. Carole Bags, Inc.,* 83 F.2d 475, 476 (2nd Cir.1936); *Cheney Bros. v. Doris Silk Corp.,* 35 F.2d 279, 281 (2nd Cir.1929), *cert. denied,* 281 U.S. 728, 50 S.Ct. 245, 74 L.Ed. 1145 (1930). Because Congress has chosen to so preempt the field, misappropriation claims, either federal or state, cannot be asserted. *Cheney Bros.,* 35 F.2d at 280; *Nash v. CBS, Inc.,* 704 F.Supp. 823, 834 (N.D.Ill.1989), *aff'd,* 899 F.2d 1537 (7th Cir. 1990); *Synercom Technology, Inc. v. University Computing Co.,* 474 F.Supp. 37, 42 (N.D.Tex.1979). As the Supreme Court has noted: "To allow a State by use of its laws of unfair competition to prevent the copying of an article which represents too slight an advance to be patented [or afforded other federal statutory protection] would be to permit the State to block off from the public something which federal law has said belongs to the public." *Sears, Roebuck & Co. v. Stiffel Co.,* 376 U.S. 225, 231–32, 84 S.Ct. 784, 789, 11 L.Ed.2d 661 (1964). *See also Compco Corp. v. Day–Brite Lighting, Inc.,* 376 U.S. 234, 238, 84 S.Ct. 779, 782, 11 L.Ed.2d 669 (1964) (a design not entitled to a design patent or other federal statutory protection can be copied at will). Therefore,

The court ORDERS that the motion to dismiss be, and is hereby, granted and that plaintiff's claims against defendant The Gap, Inc., be, and are hereby, dismissed.