GATEWAY 2000, INC., Plaintiff,

v.

CYRIX CORPORATION, Defendants.

Civil Action No. 96–3286 (AJL).

United States District Court,
D. New Jersey.

Sept. 10, 1996.

Thomas G. Quam, LeBoeuf, Lamb, Greene & MacRae, L.L.P., Newark, New Jersey, for Plaintiff.

Arnold B. Calmann, Saiber, Schlesinger, Satz & Goldstein, Newark, New Jersey, Russell N. Fairbanks, Jr., Cyrix Corporation, Richardson, Texas, William LaFuze, Steven R. Borgman, and Valerie K. Friedrich, Vinson & Elkins, L.L.P., Houston, Texas, for Defendant.

## OPINION

LECHNER, District Judge.

This is an action by plaintiff Gateway 2000, Inc. ("Gateway") against defendant Cyrix Corporation ("Cyrix"). Removal jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1337 and 1338.

Gateway contends that certain Cyrix advertisements (the "Cyrix Advertisements") wrongly depicted trademarks that Gateway uses to develop, promote and advertise its computer products and services. Gateway alleges the Cyrix Advertisements have altered and diluted the distinctive quality of the trademarks in violation of New Jersey statutory and common law. Pursuant to such allegations, Gateway seeks, *inter alia*, injunctive relief, compensatory and punitive damages, and such further relief as deemed proper.

Gateway filed a Complaint (the "Complaint") in the Superior Court of New Jersey, Law Division, Essex County (the "Superior Court") on 2 July 1996. Cyrix filed the Notice of Removal (the "Notice of Removal") on 8 July 1996. The asserted grounds for removal are that the claims alleged by Gateway arise out of Federal law under the Lanham Act (the "Lanham Act"), 15 U.S.C. § 1051, *et. seq.*, and the Copyright Act (the "Copyright Act"), 17 U.S.C. § 101, *et. seq.* Cyrix further contends removal is proper because Gateway's allegations invoke the First Amendment.

Presently before the court is the Gateway motion to remand this matter to state court pursuant to 28 U.S.C. § 1447(c).[1] Gateway filed its Motion to Remand on an Emergent Basis (the "Motion to Remand") on 12 July 1996. For the reasons set forth below, this matter is remanded to the Superior Court of New Jersey, Law Division, Essex County (the "Superior Court") pursuant to 28 U.S.C. § 1447(c).

*Facts*

Gateway is a corporation organized under the laws of the state of Delaware with its principal place of business in South Dakota. Complaint at ¶ 1. Cyrix is a corporation organized under the laws of the state of Delaware with its principal place of business in Texas. *Id.* at ¶ 2. Gateway markets personal computers and related computer products worldwide. *Id.* at ¶ 9. Gateway alleges

---

1. In support of the remand, Gateway submitted: Notice of Application of an Order to Show Cause; Certification of Thomas G. Griggs in Support of Order to Show Cause ("Griggs Cert."), dated 2 July 1996; Letter, dated 15 July 1996, withdrawing Order to Show Cause for Expedited Hearing; Plaintiff's Memorandum Of Law In Support Of Motion To Remand On An Emergent Basis ("Moving Brief"); Plaintiff's Plaintiff's Re-

ply To Defendant's Opposition To Motion To Remand ("Reply Brief").

In opposition to the remand, Cyrix submitted: Defendant Cyrix's Opposition To Plaintiff's Motion to Remand ("Opposition Brief"); Declaration Of Steven R. Borgman with Exhibits 1 through 4 attached ("Borgman Declaration"); Certificate Of Service and Proposed Form Of Order.

it is the owner of several trademarks (collectively "Gateway Trademarks") which it uses in connection with its computer products. *Id.* at ¶¶ 13, 17. The registered trademarks include a design patterned after the coloration of Holstein cows, *id.* at ¶ 13, the mark "Gateway 2000", *id.* at ¶ 17, and the mark comprising of "Gateway 2000" framed in black with a block logo of the letter "G" to the left of the company name. *Id.* at ¶ 17. Gateway further alleges it is the owner of trademark rights in the image of a Holstein cow (the "Holstein Cow"), which it uses in the advertising, promotion and distribution of its products and services. *Id.* at ¶ 13.

Gateway contends its extensive use of the Gateway Trademarks has caused such trademarks to become closely associated with Gateway. *Id.* at ¶ 19. Gateway contends the Gateway Trademarks have come to represent the commercial strength of Gateway symbolizing its goodwill, products and services. *Id.* at ¶ 18–19.

Cyrix is a competitor of Gateway engaged in the sale of personal computers. *Id.* at ¶¶ 11–12. Gateway contends the Cyrix Advertisements depict the Gateway Trademarks in such a manner as to impute unfavorable characteristics to Gateway, its trademarks, products and services.[2] *Id.* at ¶ 23. Gateway alleges the Cyrix Advertisements were published in five computer magazines as well as sent to consumers through direct mailings. *Id.* at ¶ 22. Gateway contends Cyrix has, therefore, violated the statutory and common law of the state of New Jersey by diluting

and diminishing the value of these trademarks. *Id.* at ¶¶ 46, 50, 55, 62, 68, 74. Gateway alleges violation of the New Jersey anti-dilution statute, N.J.S.A. 56:3–13.20 and the New Jersey Unfair Competition Act, N.J.S.A. 56:4–1. Gateway also asserts common law claims for tortious interference with contractual relations, tortious interference with prospective economic advantage, trademark infringement and unfair competition. The Complaint alleges no Federal claims. There is no diversity of citizenship; both parties are incorporated in Delaware.

On 2 July 1996, Gateway filed a complaint in Superior Court alleging state law claims.[3] Moving Brief at 7. Between 28 June 1996 and 2 July 1996, Gateway filed similar state court actions in New York, California, Connecticut and Massachusetts. Notice of Removal at ¶ 5. Service was effectuated on Cyrix on 28 June 1996. *Id.* at ¶ 2.

On 8 July 1996, Cyrix filed the Notice of Removal. Cyrix claims that removal is proper because the actions described in the Complaint arise under the Lanham Act and the Copyright Act and therefore present Federal questions over which this court has original jurisdiction. Cyrix additionally argues removal jurisdiction is appropriate on the basis of the First Amendment. For the reasons stated below, this action is remanded to Superior Court.

*Discussion*

1. *Standard for Removal*

Under the general Federal removal statutes, an action brought in state court may be

---

**2.** The Complaint describes the Cyrix Advertisements as follows:

> The first page of the Cyrix Ads pictures a frontal view of a standing Holstein cow, featuring the Holstein Cow Pattern, looking at the camera with its eyes open above a large, thick block print caption stating 'Look out, Gateway!'
>
> *Id.* at ¶ 25.
>
> The second page of the Cyrix Ads depict a desk top personal computer bearing the name "Cyrix" that has crushed the Holstein Cow's body flat to the ground and left the Holstein Cow—representing Plaintiff—dead. In the altered photographic image of the Plaintiff's Holstein Cow, its head distended from beneath the keyboard of the "Cyrix" computer and its eyes closed to signify death. Likewise the Holstein Cow's four legs are splayed out flat to the ground from beneath the "Cyrix" computer at

90 degrees to their natural angle. The caption beneath the crushed corpse of the Holstein cow in the Cyrix Ads in large, thick block print states: 'Oops. Too slow.'

*Id.* at ¶ 26.

Additionally, the Complaint also alleges that misleading representations accompanied the pictures in the text of the Cyrix Ads. See Complaint at ¶¶ 28, 34, 35, 36.

**3.** On 24 May 1996, Cyrix commenced a declaratory action in the United States District Court for the Northern District of Texas seeking a determination that, *"inter alia,* none of its actions or omissions relating to its advertisements for Cyrix ... violated any provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.,* or the laws of any state, or constituted trademark infringement, false advertising, unfair competition or trade disparagement." Notice of Removal at ¶ 1.

properly removed to Federal court only if that Federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a)[4]; *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987); *Hunter v. Greenwood Trust Co.,* 856 F.Supp. 207, 211 (D.N.J.1992).

■ Federal courts are courts of limited jurisdiction conferred under Article III of the United States Constitution and appropriate congressional enactments. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Congress created two bases of original jurisdiction in the Federal courts—Federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *Caterpillar, Inc.,* 482 U.S. at 392, 107 S.Ct. at 2429–30; *Krashna v. Oliver Realty, Inc.,* 895 F.2d 111, 113 (3d Cir.1990). In the absence of diversity of citizenship, Federal question jurisdiction is required before removal is proper. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429–30.

■ Federal courts have long recognized that "due regard for the rightful independence of state governments requires that federal courts scrupulously confine their own jurisdiction to the precise limit which the statute has defined." *Finley v. United States,* 490 U.S. 545, 552–553, 109 S.Ct. 2003, 2009, 104 L.Ed.2d 593 (1989). Accordingly, Federal removal statutes are to be strictly construed, resolving any doubts in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–109, 61 S.Ct. 868, 871–72, 85 L.Ed. 1214 (1941); *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *La Chemise Lacoste v. The Alligator Company,* 506 F.2d 339, 344 (3d Cir.1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975); *Federal Deposit Ins. Corp. v. Wissel & Sons Constr. Co.,* 881 F.Supp. 119 (D.N.J.1995); *Mountain Ridge State Bank v. Investor*

*Funding Corp.,* 763 F.Supp. 1282 (D.N.J. 1991).

■ When confronted with a motion to remand a matter to state court, the removing party has the burden of establishing the propriety of removal. *See Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350, 359 (3d Cir.); *cert. denied,* —— U.S. ——, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995); *Boyer,* 913 F.2d at 111; *Steel Valley Auth. v. Union Switch and Signal Div., Am. Standard, Inc.,* 809 F.2d 1006, 1011 (3d Cir.1987), *cert. dismissed sub nom., American Standard, Inc. v. Steel Valley Auth.,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988); *Mountain Ridge State Bank,* 763 F.Supp. at 1288. The removing party must show Federal subject matter jurisdiction exists and that removal is proper. *Boyer,* 913 F.2d at 111; *Steel Valley,* 809 F.2d at 1011; *Moore v. DeBiase,* 766 F.Supp. 1311, 1315 (D.N.J.1991); *Mountain Ridge,* 763 F.Supp. at 1288; *Capone v. Harris Corp,* 694 F.Supp. 111, 112 (E.D.Pa.1988); *Blow v. Liberty Travel, Inc.,* 550 F.Supp. 375, 375–76 (E.D.Pa.1982).

Cyrix contends removal is proper in this case based upon Federal question jurisdiction. Cyrix contends Gateway's state law claims for dilution, false advertising, deceptive trade practices, unfair competition and trademark infringement are more properly cast as violations of the Lanham Act and the Copyright Act requiring Federal jurisdiction. Furthermore, Cyrix argues, under the complete preemption doctrine, Gateway's state law claims are transformed into Federal claims due to the preemptive effect of Section 301 of the Copyright Act. 17 U.S.C. § 301.

*2. Well-pleaded Complaint Rule*

■ Removal on the grounds of federal question jurisdiction, 28 U.S.C. § 1331, requires that a Federal question be presented on the face of the plaintiff's well-pleaded complaint. *Oklahoma Tax Comm'n v. Graham,* 489 U.S. 838, 840–41, 109 S.Ct. 1519, 1520–21, 103 L.Ed.2d 924 (1989); *Franchise*

---

4. Section 1441(a) provides, in pertinent part:
   Except as otherwise expressly provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be re-

moved by the defendant or defendants to the district court embracing the place where such action is pending....
28 U.S.C. § 1441(a).

*Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983); *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429–30. *Dukes,* 57 F.3d at 353; *Trans Penn Wax Corp. v. McCandless,* 50 F.3d 217 (3d Cir.1995); *Goepel v. National Postal Mail Handlers Union,* 36 F.3d 306, 310 (3d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1691, 131 L.Ed.2d 555 (1995). A plaintiff, as the master of the complaint, may avoid Federal jurisdiction by exclusive reliance on state law. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429–30; *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 807 (3d Cir.1996); *Krashna,* 895 F.2d at 113. A plaintiff asserting facts that may invoke either Federal or state jurisdiction may choose to limit the claim to one based solely upon state law and proceed in state court. *See Oklahoma Tax Comm'n,* 489 U.S. at 840–41, 109 S.Ct. at 1520–21; *United Jersey Banks v. Parell,* 783 F.2d 360, 368 (3d Cir.), *cert. denied sub nom.,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986). A Federal defense raised by the defendant is insufficient to defeat the state law claim. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 809 & n. 6, 106 S.Ct. 3229, 3232–33 & n. 6, 92 L.Ed.2d 650 (1986) ("[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Franchise Tax Bd.,* 463 U.S. at 14, 103 S.Ct. at 2848 ("a case may not be removed to [F]ederal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated, and even if both parties admit that the defense is the only question at issue in the case"); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908); *Trans Penn Wax Corp.,* 50 F.3d at 228; *Trent Realty Assoc. v. First Federal Sav. & Loan Ass'n of Philadelphia,* 657 F.2d 29, 34–35 (3d Cir.1981).

Gateway's Complaint on its face alleges only state law claims. The Complaint sets forth facts that Gateway concedes could feasibly be cast as a violation of either state law or Federal law causes of action. However, Gateway, as master of the complaint, chose to rely upon state law and sought relief on the basis of state law. Indeed, Gateway's decision to file state law claims in five different states manifests its intention not to invoke Federal law. As the allegations are set forth in the Complaint, this court lacks subject matter jurisdiction over Gateway's suit.

■ The analysis, however, does not end with a examination of the Complaint on its face. *United Jersey Banks v. Parell,* 783 F.2d 360, 366 (3d Cir.1986). In limited circumstances, a defendant may remove a case despite the complaint's clear dependence upon state law. *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430 (analyzing Labor Management Relations Act ("LMRA") preemption under section 301, 29 U.S.C. § 185(a)); *see also Trans Penn Wax Corp.,* 50 F.3d at 228; *Goepel,* 36 F.3d at 311. There are "two situations where [F]ederal jurisdiction could be available even though plaintiff based its claim in state court on state law: (1) when it appears that some substantial, disputed question of [F]ederal law is a necessary element of one of the well pleaded state claims or (2) when it appears that plaintiff's claim is 'really' one of [F]ederal law" *United Jersey Banks,* 783 F.2d at 366 (citing *Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. at 2848 (quotations omitted)). This narrow corollary to the well-pleaded complaint rule is termed the complete preemption doctrine or the artful pleading doctrine. *Goepel,* 36 F.3d at 310.

### 3. *The Complete Preemption Doctrine*

■ Preemption occurs when Congress so completely occupies a particular area that any civil complaint arising out of the area is necessarily Federal in character. *Caterpillar,* 482 U.S. at 398, 107 S.Ct. at 2432–33; *Dukes,* 57 F.3d at 354 (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987)); *Goepel,* 36 F.3d at 309–13. Where the congressional intent to preempt is so powerful so as to displace entirely any state cause of action, "complaints filed in state court purporting to plead such state common law causes of action are removable to [F]ederal court under 28 U.S.C. § 1441(b)." *Metropolitan Life Ins. Co.,* 481 U.S. at 60, 107 S.Ct. at 1544–45; *Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.,* 858 F.2d 936, 941 (3d Cir.1988). This con-

cept is distinct from ordinary preemption. Claims preempted under a given statute may not be removed if the rights asserted are not "substantially dependant upon interpretation of" Federal statute. *Railway Labor Executives Ass'n,* 858 F.2d at 941 (quoting *Caterpillar,* 482 U.S. at 394, 107 S.Ct. at 2430–31). *Compare Franchise Tax Bd.,* 463 U.S. at 25–27, 103 S.Ct. at 2854–56 (holding that ERISA preemption without more does not convert a state claim into an action arising under federal law); *Metropolitan Life Ins. Co.,* 481 U.S. at 67, 107 S.Ct. at 1548 (holding that state claims that are preempted by ERISA and are displaced by ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B), are removable to Federal court).

■ The same principle has been referred to as the 'artful pleading' doctrine. *Goepel,* 36 F.3d at 310 n. 5. "It is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary [F]ederal questions in the complaint." *Franchise Tax Bd.,* 463 U.S. at 22, 103 S.Ct. at 2852–53. Federal jurisdiction will be found where the plaintiff's complaint contains a Federal question that is artfully pleaded as a state law claim. *United Jersey Banks,* 783 F.2d at 367 (citing *Franchise Tax Bd.,* 463 U.S. at 1, 103 S.Ct. at 2842). *See also Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981).

In the removal context, the Supreme Court has expressly found complete preemption in primarily two situations—for claims alleging a breach of a collective bargaining agreement under section 301 of the LMRA, 29 U.S.C. § 185(a), *see Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126· (1968), and for claims of benefits or enforcement of rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), *see Metropolitan Life Ins. Co.,* 481 U.S. at 63–67, 107 S.Ct. at 1546–48 (1988). Courts of Appeal have been reluctant to extend the scope of the preemption doctrine in certain areas, although have done so judiciously in others.[5]

The Third Circuit has stated a two prong test to determine when a Federal court may employ the complete preemption doctrine. *Goepel,* 36 F.3d at 311; *Railway Labor Executives Ass'n,* 858 F.2d at 942. The first prong seeks to determine if the statute "relied upon by the defendant as preemptive contains civil enforcement provisions within the scope of which the plaintiff's state claim falls." *Railway Labor Executives Ass'n,* 858 F.2d at 942 (citing *Franchise Tax Bd.,* 463 U.S. at 24, 26, 103 S.Ct. at 2854, 2855). If the Federal statute creates no Federal cause of action redressing the same interest as the state cause of action, the claim may not be recast as a Federal claim appropriate for removal. *Id.* The second prong instructs the court to determine whether there is a "clear indication of a Congressional intention to permit removal despite the plaintiff's reliance on state law." *Id.; Goepel,* 36 F.3d at 311; *Krashna,* 895 F.2d at 114. If there is no affirmative indication of a Congressional intent to allow removal, there should be no complete preemption.

Cyrix contends that a review of Gateway's factual allegations demonstrates that Gateway actually asserts claims arising under Federal law. First, Cyrix argues that the claims for trademark infringement, dilution and false advertising of federally registered trademarks actually arise under the Lanham Act. Opposition Brief at 5. Cyrix further contends that the remedies Cyrix seeks for dilution and false advertising are available under the Lanham Act, not state law. Opposition Brief at 8. Second, Cyrix contends that the state law claims for unfair competi-

---

5. Circuits have held that preemption applies to section 301 of the Copyright Act, 17 U.S.C. § 301, *Rosciszewski v. Arete Associates, Inc.,* 1 F.3d 225, 232–33 (4th Cir.1993), to section 86 of the National Bank Act, 12 U.S.C. § 86, *M. Nahas & Co. v. First Nat'l Bank of Hot Springs,* 930 F.2d 608, 612 (8th Cir.1991). Areas that have been denied preemption are claims related to the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 *et seq., Hurt v. Dow Chem. Co.,* 963 F.2d 1142, 1144–45 (8th Cir.1992), suits against trustees in bankruptcy, 28 U.S.C. 959, *Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 585 (6th Cir.1990), section 5 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905, *Aaron v. National Union Fire Ins. Co. of Pittsburg,* 876 F.2d 1157, 1165–66 (5th Cir.1989), *cert. denied,* 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990).

tion and dilution are preempted by the Copyright Act. Opposition Brief at 10.

### a. *Lanham Act*[6]

■ The Lanham Act provides a national system for registration of trademarks used in interstate commerce, and grants a registered trademark holder the exclusive right to determine the use of its mark by others. *See* 15 U.S.C. § 1127. Cyrix supports its argument that Gateway's factual allegations assert claims arising out of the Lanham Act on two grounds. First, Cyrix argues that Gateway's claims arise out of the Lanham Act because Gateway's Complaint continuously references its federally registered trademarks and the use of the trademarks in interstate commerce. Opposition Brief at 7. The second argument is grounded on the premise that Gateway seeks relief allowed by the Lanham Act for the alleged infringement and dilution of federally registered marks, and for alleged false advertising. Opposition Brief at 8.

If accurate, acceptance of Cyrix's first argument would limit protection by state dilution, trademark infringement and false advertising statutes to common law trademarks advertised solely in that state. According to the Cyrix argument, any trademark that is federally registered or used in interstate commerce would defeat a state law claim and require removal to the Federal court. Indeed, adoption of Cyrix's argument would greatly frustrate the ability of state courts to address acts such as those allegedly committed by Cyrix.

Dilution of federally registered trademarks and trademarks that have been placed in interstate commerce have been appropriately litigated under state statutes. *See, e.g., Deere & Co. v. MTD Products, Inc.,* 41 F.3d 39 (2d Cir.1994) (adjudicating claim pursuant to New York anti-dilution statute despite fact that basis of claim concerned federally registered trademark broadcasted both inside and outside the boundaries of New York); *Pignons S.A. de Mecanique de Precision v. Polaroid Corp.,* 657 F.2d 482 (1st Cir.1981)

(deciding alleged violation of Federal and state trademark law, unfair competition under Lanham and dilution under state law of federally registered trademark); *Nugget Distrib. Co-op. Of Am., Inc. v. Mr. Nugget, Inc.,* 776 F.Supp. 1012 (E.D.Pa.1991) (adjudicating trademark infringement of plaintiff's registered trademark in violation of state common law and state anti-dilution statute); *Cue Publishing Co. v. Colgate–Palmolive Co.,* 233 F.Supp. 443, 444 (S.D.N.Y.1964) (stating that the allegation of a Federal registration does not confer jurisdiction).

Cyrix cites two cases, *Duncan v. Stuetzle,* 76 F.3d 1480, 1488 (9th Cir.1995) and *Deats v. Joseph Swantak, Inc.,* 619 F.Supp. 973, 978 (N.D.N.Y.1985), to support an inference that removal is proper in this case because Gateway's trademarks are used in interstate commerce. In both situations, the courts reasoned that removal was not proper because, among other things, the plaintiff did not allege use of the trademark in interstate commerce. In neither case, however, did the court unequivocally state that had the plaintiff done so, removal would be appropriate. Indeed, the *Deats* court quoted the Third Circuit in *La Chemise Lacoste,* 506 F.2d at 346 n. 9:

> Ample experience indicates that, where a state trademark or infringement action is sought to be removed to [F]ederal court on the theory that the action could have been predicated on the Lanham Act, [F]ederal courts have been unwilling to find a [F]ederal question by implication and have remanded to state courts.

*Deats,* 619 F.Supp. at 979.

The decision in *1st National Reserve, L.C. v. Vaughan,* 931 F.Supp. 463 (E.D.Tex.1996) highlights an important distinction. The plaintiff filed an action in state court and alleged the defendants' conduct constituted infringement of trademark, service mark and trade name. The defendants argued removal was proper because the alleged infringement was interstate in nature. Accordingly, the

---

**6.** Section 1121 of the Lanham Act states:
The district ... courts of the United States shall have original jurisdiction ... of all actions arising under [the Lanham Act], without

regard to amount in controversy or to diversity or lack of diversity of the citizenship of the parties.
15 U.S.C. § 1121.

defendants reasoned federal law which protects the integrity of trademarks in interstate commerce, the Lanham Act, was applicable. *Vaughan*, 931 F.Supp. at 465–66. In rejecting the argument, the court recognized a difference between jurisdictional attachment in the original subject matter context, when a plaintiff brings the suit in Federal court, and that in the removal context, when a defendant seeks to remove a case to Federal court. *Id.* at 466.

■ To properly remove a trademark case to Federal court, a defendant must satisfy the requirements for original jurisdiction under the Lanham Act and additionally demonstrate that the plaintiff, as master of the complaint, sought relief under the Lanham Act. *Id.* The court stated that it would "not recharacterize the plaintiff's claims simply because they may track some language in the Lanham Act." *Id.* at 468.[7]

■ In the instant matter, Cyrix did not cite any cases which were properly removed from state court to Federal court on the basis of a federally registered trademark or one that was used in interstate commerce. The Lanham Act does not have a preemptive effect over state regulation of trademark law. *See Colonial Penn Group, Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 237 (1st Cir.1987); *La Chemise Lacoste*, 506 F.2d at 345 (1974); *Gardner v. Clark Oil & Refining Corp.*, 383 F.Supp. 151 (E.D.Wis.1974); *Fischer v. Holi-*

day Inn of Rhinelander, Inc.*, 375 F.Supp. 1351, 1353 (W.D.Wis.1973). Accordingly, where a plaintiff does not clearly state relief under the Lanham Act, removal is not proper. *Id.; see also Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 963 (2d 1981).[8]

Cyrix further argues that removal is proper because the Lanham Act provides a basis for relief for dilution and infringement of registered and unregistered trademarks. Gateway, however, did not sue for relief under the Lanham Act nor did it refer to any relief available *only* under the Lanham Act.[9] *See Duncan*, 76 F.3d at 1488 (recognizing that plaintiff's relief is available under both state statute and Lanham Act). Gateway expressly alleged claims and sought relief under New Jersey statutory and common law, as well as the state law of four other states in four additional suits. Gateway, as master of the complaint, "is free to confine [its] claim to one based on state law and proceed in state court." *Vitarroz Corp.*, 644 F.2d at 964.

In order for Cyrix to carry its burden, the Complaint must contain allegations which would establish Federal jurisdiction. An examination of the Complaint filed in the state court does not reveal a basis for Federal jurisdiction. Federal law is not essential to the suit. Neither does it appear that Gateway's claims are integrally ones of Federal law requiring removal to the Federal courts.

7. Cyrix also cites to 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 32.02[4][c] (3d ed.1996) which states:

"a plaintiff in state court who wishes to stay there must carefully word the complaint to avoid tracking the language of Lanham Act § 43(a) and to avoid any reference to interstate usage by either the plaintiff or defendant." *Id.*

8. Cyrix contends that Gateway's reliance on the *La Chemise Lacoste* and *Vitarroz* decisions are not relevant in this case. Cyrix objects to *Vitarroz* because the failure of the plaintiff in *Vitarroz* to move for a remand was translated by the court as an intent to seek relief under Federal law and because the court did not discuss the plaintiff's complaint in detail. Cyrix distinguishes *La Chemise Lacoste* because removal was sought based on defendant's federally registered trademarks while here it is Gateway's federally registered trademarks that are in issue.

As discussed, case law indicates that removal jurisdiction of trademark related cases is not predicated solely on the characteristic of Federal registration or interstate commerce. The factual differences Cyrix highlights do not dilute the persuasiveness of the cases which enunciate general removal rules in the trade infringement context.

9. As discussed, the Lanham Act does not preempt state regulation of trademarks. Under N.J.S.A. 56:3–13.20, courts are granted authority to impose injunctive relief for the dilution of a trademark or to address the injury subject to the discretion of the court and principles of equity:

The owner of a famous mark shall be entitled only to injunctive relief in this State in an action brought under this section. . . . [i]f willful intent is proven, the owner shall also be entitled to any other remedies set forth in this act, subject to the discretion of the Court and the principles of equity.
N.J.S.A. 56:3–13.20.

Moreover, there is no clear indication that Congress intended to permit removal despite an exclusive reliance on state law claims. *See La Chemise Lacoste,* 506 F.2d at 346 n. 9 Accordingly, there is no basis for removal and the matter is remanded.

### b. *Copyright Act*

Cyrix contends that federal jurisdiction is exclusive in this matter under Section 301 of the Copyright Act, 17 U.S.C. § 301.[10] Opposition Brief at 10. Although the Complaint does not allege any claims for relief under the Copyright Act and the "well-pleaded" doctrine applies, Cyrix, contends that the state law claims are the equivalent to the rights of copyright and are thus preempted by the Copyright Act.

■ In order to establish copyright infringement, two elements must be proven—ownership of a valid copyright and copying by the defendant of component elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 1295–96, 113 L.Ed.2d 358 (1991); *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.,* 30 F.3d 466, 471 (3d Cir.1994); *Ford Motor Co. v. Summit Motor Products, Inc,* 930 F.2d 277, 290 (3d Cir.), *cert. denied,* 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991); *Masquerade Novelty, Inc. v. Unique Industries, Inc.,* 912 F.2d 663, 667 (3d Cir.1990); *Whelan Assoc., Inc. v. Jaslow Dental Lab., Inc.,* 797 F.2d 1222, 1231 (3d Cir.1986), *cert. denied,* 479 U.S. 1031, 107 S.Ct. 877, 93 L.Ed.2d 831 (1987); *Major League Baseball Promotion Corp. v. Colour–Tex, Inc.,* 729 F.Supp. 1035, 1039 (D.N.J.1990). Where there is no copyright ownership, then, no copyright infringement may be alleged.

■ A basic precept of copyright law is that one may not copyright ideas. 17 U.S.C.

§ 102(b); *Feist Publications,* 499 U.S. at 344–45, 111 S.Ct. at 1286–87; *Andrien v. Southern Ocean County Chamber of Commerce,* 927 F.2d 132, 134 (3d Cir.1991); *Masquerade Novelty, Inc.,* 912 F.2d at 671. It is Gateway's contention that removal is not proper under the Copyright Act because they do claim ownership rights in any of the photographs used in the Cyrix Ads. Rather, Gateway alleges that the Cyrix Ads mimic the use of the Holstein Cow and the Holstein Cow Pattern which dilute and exploit the consumer association of the Holstein Cow with Gateway. Although Gateway concedes it has registered copyrights in various products and advertisements depicting a Holstein Cow,[11] it states it does not have a copyright ownership in the idea of a Holstein Cow, nor does it have an interest in every Holstein Cow portrayal. Reply Brief at 10.

Cyrix points to several cases wherein the complete preemption rule applies to state law claims preempted by Section 301 of the Copyright Act. Opposition Brief at 12. Each of these cases, however, involved subject matter that was copyrighted or was an original work of authorship fixed in a tangible medium, as required by the Copyright Act. *See Rosciszewski,* 1 F.3d at 225 (copyrighted computer program); *Patrick v. Francis,* 887 F.Supp. 481 (W.D.N.Y.1995) (scholastic paper); *Wharton v. Columbia Pictures Indus., Inc.,* 907 F.Supp. 144 (D.Md.1995) (screenplay); *Artie Fields Productions v. Channel 7 of Detroit, Inc.,* 32 U.S.P.Q.2d 1539, 1994 WL 559331 (E.D.Mich. 1994) (television production); *Perro v. Wemco, Inc.,* 32 U.S.P.Q.2d 1475, 1994 WL 382590 (E.D.La. 1994); *Aldridge v. The Gap, Inc.,* 866 F.Supp. 312 (N.D.Tex.1994) (children's clothing designs); *Dielsi v. Falk,* 916 F.Supp. 985 (C.D.Cal.1996) (television script). Additionally, each case alleged the defendant copied the product in some manner. Thus, the

---

**10.** Section 301 of the Copyright Act states:

On or after January 1, 1978, all equitable rights that are the equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by section 102 and 103, whether created before or after that date and whether published or unpublished,

are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).

**11.** The Opposition Brief describes several products and advertisements for which Gateway has copyrights. *See* Opposition Brief at 16–17, Borgman Declaration at Exhibit 2.

state law claims each plaintiff alleged were equivalent to rights protected in the Copyright Act.

Contrary to Cyrix's assertion, it is not claimed the cow images at issue constitute "works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright." [12] *See* 17 U.S.C. § 102; Opposition Brief at 17. It is irrelevant that a photograph of a Holstein Cow might be copyrightable. 17 U.S.C. § 102(5). Gateway does not allege any copyright ownership in the Holstein Cow or in the pictures of the Holstein Cow used by Cyrix.

Gateway does not seek the equivalent of any exclusive right granted by the Copyright Act. Gateway does not set forth any copyright claims in its Complaint. Rather Gateway objects to the altering and mimicking of the Holstein Cow and the Holstein Cow pattern which causes dilution of the consumer association of the Holstein Cow and Holstein Cow Pattern. This claim is not a claim that is equivalent to the rights protected by the Copyright Act.

■ Cyrix also contends that the relief that Gateway seeks—an injunction prohibiting Cyrix from altering or animating the Holstein Cow—is another indication that removal is proper under the Copyright Act. Cyrix correlates the injunction with the exclusive right under the Copyright Act to prepare derivative works and to copy and distribute the copyrighted work. 17 U.S.C. § 106. Cyrix relies on *Cuisinarts Corp. v. Appliance Science Corp.*, 21 U.S.P.Q.2d 1318, 1319, 1991 WL 329470 (D.Conn.1991), *aff'd*, 983 F.2d 1048 (2nd Cir.1992) to support this contention. In denying the plaintiffs motion to remand, the *Cuisinarts* court noted that the claim was preempted because plaintiff sought the relief of injunction *and also* because the certificates of copyright had been

issued for the initial designs of the coffee maker in issue. *Id.* Remand was not denied based on the relief the plaintiff sought alone.

As discussed, Gateway does not allege copyright ownership in the Holstein Cow. Accordingly, the relief Gateway seeks is not equivalent to the exclusive rights in the Copyright Act. Because there is no copyright ownership triggering application of the Copyright Act, discussion as to whether the state claims asserted by Gateway are preempted by the Copyright Act is unnecessary. Removal under the Copyright Act is not appropriate.

### 4. *First Amendment*

■ Although not set forth in the Notice of Removal, Cyrix invokes the First Amendment as a basis for removal in its Opposition Brief. Cyrix reasons that because the case involves commercial speech, there are First Amendment implications that heighten the standards for granting a motion to remand to Superior Court. Opposition Brief at 23. In support of this argument, Cyrix cites *Lewis v. Time Inc.*, 83 F.R.D. 455 (E.D.Cal.1979), *aff'd* 710 F.2d 549 (9th Cir.1983).

In *Lewis*, an attorney brought an action against Time Magazine for, among other things, libel and slander when the magazine cited the attorney in a published article on the state of the legal profession. *Id.* at 457. The court qualified the general remand rule that "merely inartful, ambiguous or technically defective pleadings should be resolved in favor of remand" when First Amendment interests were involved. *Id.* at 460. The court stated that because a respected, nationwide news magazine was being sued on an article written on a matter of profound public importance, there was an inherent danger that the litigation would chill free speech. *Id.* at 461. When First Amendment rights

---

12. Cyrix compares the case of *Warner Bros. Inc. v. American Broadcasting Co.*, 720 F.2d 231 (2d Cir.1983) to support the allegation that the cow images are copyrightable subject matter. Whether the image is copyrightable is not relevant if there is no copyright. In *Warner Bros., Inc.*, the Superman character in issue was protected by copyright.

In the case at bar, Gateway does not have a copyright in the Holstein Cow image, although it does have copyrights in certain advertisements,

products and a home page on the Internet which feature a Holstein Cow. Opposition Brief at 17. Gateway does not object to Cyrix's use of a Holstein Cow, but the effect it has on consumer association of the Holstein Cow with Gateway. Whether Cyrix used a cow resembling the Holstein Cow in the Gateway products, or whether it was a dissimilar or generic cow is not the issue. Gateway does not allege copyright infringement in its *Complaint*.

are involved, the obligation imposed on the Federal courts requires the imposition of a higher standard for jurisdictional concerns. *Id.* at 462.

There are no such concerns in the case at bar. Resolution of the instant matter will not chill First Amendment rights regarding discussion of profound matters of public importance. or of a public official, nor does it threaten the freedom of the press in the dissemination of newsworthy information.

Commercial speech is protected by the First Amendment. *44 Liquormart, Inc. v. Rhode Island,* —— U.S. ——, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996); *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc., et al.,* 425 U.S. 748, 770, 96 S.Ct. 1817, 1829–30, 48 L.Ed.2d 346 (1976). However, Cyrix does not assert that the advertisements "communicated information, expressed opinion, recited grievances, protested abuses, and sought financial support on behalf of a movement whose existence and objectives are matters of the highest public interest and concern" or otherwise invoked circumstances comparable to those contemplated by Supreme Court in *New York Times Co. v. Sullivan,* 376 U.S. 254, 266, 84 S.Ct. 710, 718–19, 11 L.Ed.2d 686 (1967) and its progeny.

Even if such First Amendment concerns were apparent, an action is not removable to a Federal court when the Federal question is a defense which appears only in the answer or petition for removal. *Franchise Tax Bd.,* 463 U.S. at 14, 103 S.Ct. at 2848–49; *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *Trans Penn Wax Corp.,* 50 F.3d at 228; *La Chemise Lacoste,* 506 F.2d at 343. Cyrix's allegations concerning a violation of the Constitution *may possibly* be a defense to Gateway's Complaint, but Gateway does not ask the court to determine whether its First Amendment rights have been violated in its Complaint. *Compare Dworkin v. Hustler Magazine, Inc.,* 611 F.Supp. 781, 785 (D.Wyo. 1985). The First Amendment, as a defense, is not a basis for removal.

*Conclusion*

For the reasons stated, this matter is remanded to the Superior Court pursuant to 28 U.S.C. § 1447(c).