**Margie Ann MITCHELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–99–00466–CR.

Court of Appeals of Texas,
Dallas.

Feb. 8, 2000.

John Hendrik, Dallas, for Appellant.

Patty Tillman, Asst. Dist. Atty., Dallas, for State.

Before Chief Justice THOMAS and Justices KINKEADE and BRIDGES.

## OPINION

Opinion By Chief Justice THOMAS.

Margie Ann Mitchell appeals her conviction for breach of computer security. In two points of error, she challenges the legal and factual sufficiency of the evidence to support the verdict. We affirm the trial court's judgment.

Ronnie Dobbs, section chief of the Dallas Fire Department, testified that appellant worked as a clerk at the fire department for approximately five years. Appellant generated documents for the department using forms on her computer. She was authorized to access the files only for the purpose of carrying on fire department business. The personnel rules governing appellant's job prohibit unauthorized alteration of city records by City of Dallas employees. Throughout her tenure at the fire department, appellant had difficulties with her supervisors. Before she left to take another job, appellant corrupted several files on her computer by replacing the standard text that had been in the files with gibberish. One of the corrupted files still contained portions of the original document. When a police detective interviewed appellant regarding the corrupted files, she initially claimed she had not even turned on her computer during her last day of work. Eventually, however, appellant admitted she had altered the computer files that day. When asked if she had written the gibberish that was currently in the files, appellant stated she had. In a written statement, appellant complained at length about her treatment at the fire department. She wrote: "I replaced these files with the files I created on [my last day of work] because this is how I felt with this department." Another employee of the fire department had to recreate all the corrupted files. The cost to the department for recreat-

ing the files was approximately fourteen hundred dollars.

A person commits the offense of breach of computer security if she knowingly accesses a computer without effective consent of the owner. TEX. PEN.CODE ANN. § 33.02(a) (Vernon Supp.2000). The offense is a class A misdemeanor if the person in committing the offense knowingly alters property worth less than fifteen hundred dollars. *Id.* § 33.02(b)(1). Appellant complains the evidence against her is legally insufficient in two respects: (1) it does not prove the files were altered, because Chief Dobbs could not definitively say what the files contained before they were corrupted, and (2) it does not prove appellant knowingly acted without the consent of the fire department. She further complains the evidence is factually insufficient to prove she knowingly acted without the consent of the fire department.

In reviewing the legal sufficiency of the evidence, we determine whether, considering the evidence in the light most favorable to the verdict, any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When reviewing a factual sufficiency challenge, we consider all the evidence without the prism of "in the light most favorable to the prosecution." *See Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim.App.1996). If we determine the verdict is so against the great weight of the evidence as to be clearly wrong and unjust, we reverse the verdict and remand for a new trial. *See Jones v. State,* 944 S.W.2d 642, 648 (Tex.Crim.App.1996); *Clewis,* 922 S.W.2d at 135.

Appellant was not authorized to corrupt the fire department's computer files. In her interview with the police, appellant admitted she had corrupted the complained-of files. In her statement, she asserted she was unhappy with the way she was treated at the fire department and insinuated that altering the fire depart-

ment's files was her way of exacting revenge on the department. Viewing the evidence in the light most favorable to the verdict, we conclude it is legally sufficient to prove appellant committed the offense of breach of computer security. Further, viewing all the evidence, we conclude the trial court's finding that appellant committed the offense of breach of computer security is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Accordingly, we overrule appellant's two points of error.

We affirm the trial court's judgment.