**SOUTHWEST AIRLINES CO., Plaintiff,**

v.

**FARECHASE, INC., and Outtask, Inc., Defendants.**

No. Civ. 303CV2671H.

United States District Court,
N.D. Texas,
Dallas Division.

March 19, 2004.

Ramona Martinez, Cowles & Thompson, Dallas, TX, R. Paul Yetter, Yetter & Warden, Houston, TX, for Plaintiff.

Ralph H. Duggins, Cantey & Hanger, Fort Worth, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, Senior District Judge.

Before the Court are Defendant Outtask, Inc.'s Motion to Dismiss, filed January 23, 2004; Plaintiff's Response, filed February 12, 2004; and Defendant Out-

task, Inc.'s Reply, filed February 25, 2004. Defendant Outtask, Inc. ("Outtask") moves for dismissal of claims for computer fraud and abuse, misappropriation, breach of a use agreement, tortious interference, trespass, unjust enrichment, and harmful access by computer, all pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon review of the pleadings, briefs, and relevant authorities, the Court is of·the Opinion for the reasons stated below that Defendant Outtask's Motion to Dismiss should be **DENIED**.

## I. BACKGROUND

Plaintiff Southwest Airlines, Inc. ("Southwest") is a short-haul, low-fare, high frequency, point-to-point air carrier, based in Dallas, Texas. (Compl. at 4). Southwest also developed and maintains the website Southwest.com, from which it "provides proprietary fare, route, and schedule information to its actual and potential customers in an interactive format." (*Id.* at 5). Defendant FareChase, Inc. ("FareChase") manufactures, develops, and licenses software ("FareChase software") that can access, search, and obtain data from Southwest.com by "sending out a robot, spider, or other automated scraping device across the Internet." (*Id.* at 6–7). Defendant Outtask licenses this software from FareChase and uses the software in it's "Cliqbook" product, which "allows corporate travelers to search for airline fare, as well as various features designed for corporate travel." (*Id.* at 7).

In its Complaint, filed October 31, 2003, Southwest claims that Defendants use of the FareChase software is unauthorized, that it deceives consumers, and that it provides incomplete and inaccurate information. (Compl. at 7–11). Southwest asserts twelve causes of action against FareChase and Outtask: 1) false advertising and unfair competition in violation of 15 U.S.C. § 1125; 2) trademark infringement in violation of 15 U.S.C. § 1051; 3) computer fraud and abuse in violation of 18 U.S.C. § 1030; 4) misappropriation; 5) breach of Southwest.com Use Agreement; 6) interference with business relations; 7) trespass; 8) unjust enrichment; 9) harmful access by computer; 10) violation of the Texas Anti–Dilution Act, Tex. Bus. & Com. Code Ann. § 16.29; 11) Texas common law trademark infringement; and 12) civil conspiracy. In lieu of filing an answer, Defendant Outtask filed the instant Motion to Dismiss six of Southwest's claims pursuant to Rule 12(b)(6): 1) computer fraud and abuse in violation of 18 U.S.C. § 1030, 2) misappropriation, 3) breach of Southwest.com Use Agreement, 4) interference with business relations, 5) trespass, and 6) harmful access by computer. Defendant FareChase has not joined in the instant motion. The Court will address each of Outtask's arguments separately below.

## II. RULE 12(b)(6) MOTION TO DISMISS STANDARD

In considering a motion to dismiss a complaint for failure to state a claim, the Court must accept as true the·non-movant's well-pleaded factual allegations and any reasonable inferences to be drawn from them. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). To avoid dismissal for failure to state a claim, however, a plaintiff "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992) (citation omitted). Thus, the Court will not accept as true any conclusory allegations or unwarranted deductions of fact. Generally, the Court may not look beyond the pleadings, except in instances where public officials' qualified immunity is raised. *Compare Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 936 (5th Cir.1988) *with Babb v. Dorman*, 33 F.3d 472 (5th Cir.1994) [*and*] *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) [*and*] *Elliott v. Perez*, 751 F.2d 1472 (5th Cir.1985).

Dismissal for failure to state a claim is not favored by the law. *Mahone,* 836 F.2d at 926. A plaintiff's "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."); *Heimann v. National Elevator Industry Pension Fund,* 187 F.3d 493, 502 (5th Cir.1999) (holding the court may dismiss a claim under 12(b)(6) only if "it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations") (quoting *Barrientos v. Reliance Standard Life Ins. Co.,* 911 F.2d 1115 (5th Cir.1990)). However, "there are times when a court *should* exercise its power to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Mahone,* 836 F.2d at 927 (emphasis in original).

## III. ANALYSIS

Defendant Outtask filed the instant Motion to Dismiss six of Southwest's claims pursuant to Rule 12(b)(6): 1) computer fraud and abuse in violation of 18 U.S.C. § 1030, 2) misappropriation, 3) breach of Southwest.com Use Agreement, 4) interference with business relations, 5) trespass, and 6) harmful access by computer.

The Court will address each of Outtask's arguments separately below.

### A. Computer Fraud and Abuse in Violation of 18 U.S.C. § 1030

Outtask moves to dismiss Southwest's claim that Outtask's use of the FareChase software violates the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, "because plaintiff has not alleged any statutorily-defined damage or any unauthorized access." (Def.'s Br. at 8).

### 1. Allegations of Damage and Loss

The CFAA provides that "whoever ... intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains ... information from any protected computer if the conduct involved an interstate or foreign communication" or "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value ... shall be punished as provided in subsection (c) of this section." 18 U.S.C. § 1030(a)(2)(C) & (a)(4). The CFAA also provides for a civil action by anyone who has suffered "damage or loss by reason of a violation of this section," but requires that the conduct involve "one of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B)." [1] § 1030(g). The only factor delineated in subsection (a)(5)(B) relevant to the instant case is (i): "loss to one or more persons during any one-year period ... aggregating at least $5,000 in value." [2]

1. Section 1030(g) reads, in part,

   Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves

   1 of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B).

2. Section 1030(a) reads, in part,
   whoever ...
   (5)(A)(i) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;

§ 1030(a)(5)(B)(i). Loss is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." § 1030(e)(11).

■ In the instant case, Outtask argues that Southwest has not alleged damages fitting the statutory definition of damage in § 1030(e)(8). (*See* Def.'s Br. at 7). The Court concludes that Southwest has alleged sufficient facts to state a cause of action pursuant to 18 U.S.C. § 1030 because Southwest has alleged loss aggregating at least $5,000. The CFAA does not require a civil plaintiff to allege damage, as defined in § 1030(e)(8), if the civil plaintiff alleges loss of at least $5,000 as defined in § 1030(e)(11). Outtask's argument in its Reply, that subsection (a)(5)(B) requires an allegation of conduct described in subsection (a)(5)(A), which requires an allegation of damage, is inapposite. (*See* Def.'s Reply at 7). A careful reading of the statute shows that a civil plaintiff is not required to state a cause of action pursuant to subsection (a)(5), but merely to allege one of the factors enunciated in subsection (a)(5)(B). *See* 18 U.S.C. § 1030(g). Southwest has alleged one of these factors

and therefore has stated a cause of action pursuant to 18 U.S.C. § 1030.

**2. Allegation of Unauthorized Access**

■ Outtask next argues that Southwest has failed to state a cause of action pursuant to the CFAA because Southwest has not sufficiently alleged unauthorized access. (Def.'s Br. at 9). Outtask argues that accessing fare and scheduling information that Southwest publishes on Southwest.com is not improper as a matter of law. (*See* Def.'s Br. at 9). Defendant supports this argument by arguing that the Use Agreement is not a contract. (*See id.* at 9, 11–13). Southwest argues that the Southwest.com Use Agreement, accessible from all pages on the website, in addition to direct "repeated warnings and requests to stop scraping," show that Outtask's access was unauthorized. (Pl.'s Br. at 15).

The Court agrees with Southwest. Regardless of whether the Use Agreement creates an enforceable contract for purposes of a breach of contract claim pursuant to state law, Outtask knew that Southwest prohibited the use of "any deep-link, page-scrape, robot, spider or other automatic device, program, algorithm or methodology which does the same things." (Pl.'s App. at 2–3). Even if Outtask did not read the Use Agreement before ac-

(ii) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or
(iii) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage; and
(B) by conduct described in clause (i), (ii), or (iii) of subparagraph (A), caused (or, in the case of an attempted offense, would, if completed, have caused)—
(i) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States

only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
(ii) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
(iii) physical injury to any person;
(iv) a threat to public health or safety; or
(v) damage affecting a computer system used by or for a government entity in furtherance of the administration of justice, national defense, or national security.

cessing Southwest.com with the FareChase software, Southwest alleges that it directly informed Outtask that their access was unauthorized. (Compl. at 11). Southwest has alleged sufficient facts to state a cause of action pursuant to 18 U.S.C. § 1030. The Court DENIES Defendant Outtask's Motion to Dismiss Plaintiff Southwest's claims for computer fraud and abuse pursuant to 18 U.S.C. § 1030.

### B. Misappropriation and Unjust Enrichment

Outtask moves to dismiss Southwest's claim that Outtask's use of the FareChase software constitutes misappropriation and unjust enrichment pursuant to state common law. (Def.'s Br. at 4). Outtask argues that these claims are preempted by federal copyright law. (Id. at 4). Defendant also argues that Southwest's misappropriation claim should be dismissed because Southwest "does not allege any facts showing that Outtask used a Southwest product in competition with Southwest." (Def.'s Br. at 9).

### 1. Preemption by Federal Copyright Law

■ Federal copyright law preempts state law causes of action that create equivalent rights. 17 U.S.C. § 301. "Section 301 of the [Copyright] Act sets forth two conditions, both of which must be satisfied, for preemption of a right under state law to occur: First, the work in which the right is asserted must come within the *subject matter* of copyright as defined in sections 102 and 103. Second, the right that the author seeks to protect must be *equivalent* to any of the exclusive rights within the general scope of copyright as specified by section 106." *Alcatel USA, Inc. v. DGI Tech., Inc.*, 166 F.3d 772, 778–86 (1999) (emphasis in original); 17 U.S.C. § 301. In the instant case, Outtask argues both of these conditions are satisfied: 1) that the fares and schedules that it

allegedly misappropriates, although not themselves copyrightable, are within the subject matter of copyright law; and 2) that state law claims of misappropriation and unjust enrichment require no proof of an extra element, and thus are equivalent to the exclusive rights of copyright as specified in section 106 of the Copyright Act. (Def.'s Br. at 5–6).

■ Southwest contends that the fares and schedules Outtask allegedly misappropriates are not copyrightable and thus not within the subject matter of copyright law. (Pl.'s Br. at 19–22). Southwest also argues that its claim of misappropriation of computer capacity is not within the subject matter of the copyright laws, and thus not preempted. (Id.).

In *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 358, the Supreme Court clarified that facts are not copyrightable, and "a subsequent compiler [of the facts] remains free to use the facts contained in another's publication to aid in preparing a competing work, so long as the competing work does not feature the same selection and arrangement." *Feist Publ'ns*, 499 U.S. at 349, 111 S.Ct. 1282. The Supreme Court also allowed that protection for the effort of collecting and compiling the facts "may in certain circumstances be available under a theory of unfair competition." *Id.* at 353, 111 S.Ct. 1282 (*citing with approval* 1 M. Nimmer & D. Nimmer, COPYRIGHT § 3.04, p. 3–23 (1990)).

In the instant case, Southwest asserts the misappropriation claim against Outtask for use of both computer system capacity "as well as the fare, route, and scheduling information contained in it." (Compl. at 15). Fare, route and scheduling information are all facts and thus not copyrightable. *See Feist Publ'ns*, 499 U.S. at 353, 111 S.Ct. 1282. The Court finds that Southwest does not assert a claim against Outtask that would fall within the subject

matter of copyright law. *See also Sefton v. Jew,* 201 F.Supp.2d 730, 746 (W.D.Tex. 2001). Thus, the first condition in the test to determine if a state cause of action is preempted by the copyright law has not been satisfied. The Court need not reach the second factor. The Court DENIES Defendant Outtask's Motion to Dismiss Plaintiff Southwest's unjust enrichment claim.

### 2. Misappropriation

■ "The elements of misappropriation are: (i) the creation of plaintiff's product through extensive time, labor, skill, and money, (ii) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (i.e., a "free ride") because defendant is burdened with little or none of the expense incurred by the plaintiff, and (iii) commercial damage to the plaintiff." *Aldridge v. The Gap, Inc.,* 866 F.Supp. 312, 313 (N.D.Tex.1994) (citing *United States Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.,* 865 S.W.2d 214, 218 (Tex.App.—Waco 1993, writ denied)). Outtask argues that Southwest cannot state a claim for misappropriation because it has not alleged that Outtask uses a Southwest product; Outtask argues that it is the customer using Outtask's Cliqbook product and that only those using Cliqbook actually use Southwest's product. (Def.'s Br. at 9–10). The Court finds this argument specious and agrees with Southwest that at best, this argument raises a fact issue. (*See* Pl.'s Br. at 23).

■ Outtask then argues that even if Outtask is found to use a Southwest product, it is not in competition with Southwest, a required element of misappropriation. (Def.'s Br. at 10). Outtask argues

that Southwest is an air carrier, and Outtask a software company, and therefore, the two are not in competition. (Def.'s Br. at 10). The Court does not agree. Southwest alleges in its Complaint that Outtask's Cliqbook product is in competition with Southwest's SWABIZ product; that is enough to state a claim for misappropriation. (*See* Compl. at 10; Pl.'s Br. at 23). The Court DENIES Defendant Outtask's Motion to Dismiss Plaintiff Southwest's misappropriation claim.

### C. Breach of Southwest.com Use Agreement

■ Outtask moves to dismiss Southwest's claim that Outtask breached the Southwest.com Use Agreement because Southwest "has not alleged the existence of a binding and enforceable contract." (Def.'s Br. at 11). "The elements of a breach of contract claim are: 1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from that breach." *Wright v. Christian & Smith,* 950 S.W.2d 411, 412 (Tex.App.— Houston [1st Dist] 1997, no writ) (*citing Hussong v. Schwan's Sales Enters., Inc.,* 896 S.W.2d 320, 326 (Tex.App.—Houston [1st Dist.] 1995, no writ)). Outtask argues that the Use Agreement is not a valid contract. (Def.'s Br. at 11–13). In the Complaint, Southwest alleges that the Use Agreement is a valid contract and that is enough to state a claim. The Court finds that Southwest has alleged all of the elements of a breach of contract claim and that Outtask merely raises a fact issue as to whether the Use Agreement is a valid contract.[3] The Court DENIES Defendant Outtask's Motion to Dismiss Plaintiff Southwest's Breach of the Use Agreement claim.

3. Outtask argues that the Use Agreement is a "browse wrap" agreement, as defined in *Specht v. Netscape Communications Corp.,* 306 F.3d 17 (2d Cir.2002), and as such is unenforceable. The Court finds *Specht* inap-

posite in the instant case. The Second Circuit in *Specht* only concluded that the browse wrap agreement at issue in that case did not constitute a contract after examining the cir-

### D. Interference with Business Relations

■ Outtask moves to dismiss Southwest's claim for interference with business relations because "Southwest has pleaded itself out of such a claim." (Def.'s Br. at 13). Outtask argues that Southwest has admitted that some of the customers using Outtask's Cliqbook product do form a relationship with Southwest by purchasing tickets with Southwest. (Def.'s Br. at 13). However, the Court concludes Southwest has alleged "that there was a reasonable probability that customers who purchased [their] tickets on defendant's application would have entered into a contractual relationship directly with Southwest"; that some prospective relationships do not form because Outtask wrongfully diverts customers to other airlines; that Outtask's acts impair Southwest's marketing efforts of its SWABIZ product; and that even with customers who purchase tickets from Southwest, Outtask interferes by causing the web site to be slow and out-dated. (*See* Pl.'s Br. at 23–24). The Court finds this sufficient to state a claim for interference with business relations. The Court DENIES Defendant Outtask's Motion to Dismiss Plaintiff Southwest's interference with business relations claim.

### E. Trespass

■ Outtask moves to dismiss Southwest's claim for trespass because Southwest has not alleged physical harm or deprivation of use for a substantial period of time. (Def.'s Br. at 14). Trespass to chattel is the wrongful interference with the use or possession of another's property. *See Omnibus Int'l, Inc. v. AT & T, Inc.*, 111 S.W.3d 818, 826 (Tex.App.—Dal-las 2003, pet. granted, judgm't vacated w.r.m.). "The commission of a trespass does not necessarily mean the actor will be liable for damages." *Zapata v. Ford Motor Credit Co.*, 615 S.W.2d 198, 201 (Tex. 1981). "Liability does not attach, unless the wrongful detention is accompanied by actual damages to the property or deprives the owner of its use for a substantial period of time." *Id.*

■ In the instant case, Southwest argues that it has alleged enough to state a claim for trespass, although not enough to make Outtask liable for damages. (Pl.'s Br. at 16–18). Because it is only seeking an injunction pursuant to its trespass claim, Southwest argues that it need not plead actual damage or deprivation of the use of the property for a substantial period of time. (*Id.*) The Court agrees and concludes that Southwest has alleged facts to state a claim that Outtask has wrongfully interfered with Southwest's use of its property. Additionally, the Court concludes Southwest has arguably alleged damage; the question of whether the damage is actual or physical, or whether the interference is for a substantial period of time, is a fact question and inappropriate for resolution in a motion to dismiss. The Court DENIES Defendant Outtask's Motion to Dismiss Plaintiff Southwest's trespass claim.

### F. Harmful Access by Computer

Outtask moves to dismiss Southwest's claim for harmful access by computer because Southwest "has not alleged any injury to its computer network or system, nor has [it] alleged that Outtask directly engage in any prohibited conduct." (Def.'s Br. at 16). The Texas Civil Practices and Remedies Code § 143.001(a) creates a civil cause of action for "a person who is in-

cumstances surrounding its use. Outtask's argument in the instant case would be more properly brought in a motion for summary judgment, not a motion to dismiss for failure to state a claim.

jured or whose property has been injured as a result of a violation under Chapter 33, Penal Code, ... if the conduct constituting the violation was committed knowingly or intentionally." TEX. CIV PRAC. & REM.CODE ANN. § 143.001(a) (Vernon 1997). The Texas Penal Code § 33.02(a) reads: "A person commits an offense if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner." TEX. PENAL CODE ANN. § 33.02(a) (Vernon 2003).

In the instant case, Outtask argues that the Penal Code requires the alleged injury involve "some kind of impairment to the integrity or availability of Southwest's data, program, system or information."[4] (Def.'s Br. at 16). The Court disagrees. The statute merely requires that the access be without effective consent; it does not require injury. Section 33.02(b) discusses injury, but only in regard to the level of the offense. See § 33.02(b). The Court concludes Southwest has alleged that Outtask has knowingly accessed Southwest's computer system without effective consent, and continues to do so. Even if Outtask is correct that Southwest must allege injury, the Court concludes that Southwest has alleged injury to its computer system as a result of Outtask's access. The Court DENIES Defendant Outtask's Motion to Dismiss Plaintiff Southwest's harmful access to computer claim.

## IV. CONCLUSION

For the reasons stated above, Defendant Outtask's Motion to Dismiss is DENIED.

SO ORDERED.

---

**4.** Outtask cites *Mitchell v. State,* 12 S.W.3d 158, 159 (Tex.App.—Dallas 2000, no pet.), in support of its position. The Court finds this case inapposite.